## WILLIE SPENCER v. THE STATE.

*No. 620.    Decided March 16.*
*Motion for Rehearing Decided October 3.*

1. **Statement of Facts and Bills of Exception Filed After Expiration of Time—Agreement as to.**—Where the court entered an order allowing the statement of facts to be prepared and filed within ten days after adjournment, and the adjournment was on the 2nd day of July, and bills of exception appear to have been filed on June 25th, and the statement of facts on July 2nd, but the record contains an agreement of date December 28th, six months thereafter, to the following effect: "We agree that the statement of facts and bills of exceptions in the case of The State v. Willie Spencer may be filed as of the term during which the same was filed," which is approved without date by the judge; *Held,* that it is evident the statement of facts and bills of exception were not in fact filed until the 28th of December, and that

they have been antedated so as to appear to have been filed during the term; and the same will not be considered, because the method pursued shows an attempt to evade, by an agreement not authorized by law, a long established rule of practice. Such course of procedure can not be permitted.

2. **Murder—New Trial—Receiving Other Evidence in Jury Room—Bloody Clothing.**—Where, on a trial for murder, after the case had been submitted to and the jury had retired to consider of their verdict, the clothing of deceased, which had been put in evidence on the trial, was, on application of the jury, authorized by the court to be sent to them, in the absence of and without the knowledge of defendant and his counsel, *Held*, no error, it not being shown that the clothing was used by the jury in any other manner than as warranted by the evidence, or that any new facts in connection therewith were discovered and discussed by the jury, or that defendant was prejudiced thereby. Defendant must show prejudice in such matters before he can be heard to complain. Following McDonald v. The State, 15 Texas Criminal Appeals, 499, and Bell v. The State, 32 Texas Criminal Reports, 440.

### ON MOTION FOR REHEARING.

3. **Agreement—Rules of Court—File Marks on Papers—Practice.**—It is provided by District Court Rule 47, that no agreement in a case will be enforced unless it is in writing, and filed as part of the record. *Held*, that an agreement which has been signed, approved, filed, and acted upon by the parties—though it may have been improperly filed, and could not legally be enforced—can and will be looked to by this court to determine whether or not the file marks upon certain papers in the record therein mentioned were filed as of the date they purport to have been filed. And this court is not limited or concluded in its investigation of this matter by the file mark placed by the clerk upon such papers.

4. **Statement of Facts—Filing Same—Practice on Appeal.**—Under an order of court, ten days after adjournment is the extreme limit allowed by law within which to prepare and file a statement of facts, and the trial judge has no authority to increase the time; and this court will not lend its aid in either ignoring the plain letter of the law, or approve of any connivance on the part of the trial courts in a departure from the statute on the subject.

APPEAL from the District Court of Wichita. Tried below before Hon. GEORGE E. MILLER.

Appellant was indicted for the murder of one Frank White, on May 4, 1894, in Wichita County. At his trial he was convicted of murder of the second degree, his punishment being assessed at twelve years' imprisonment in the penitentiary.

In view of the disposition made of the appeal, no statement can be made as to the evidence adduced at the trial.

The agreement with reference to the filing of the statement of facts and bills of exception will be found copied in the opinion. After the first opinion below, affirming the judgment, was handed down, counsel for appellant, on the 27th day of March, filed a motion for rehearing, as follows:

"1. In its said judgment of affirmance, the court erred in refusing to consider the bills of exception and the statement of facts incorporated in the transcript in said cause on file in this court; because, (1) as is shown by the affidavits attached hereto and made a part of this motion, every bill of exception contained in said transcript, except bill

number 2, was in fact agreed to by counsel both for the prosecution and defense, approved by the district judge, and filed by the district clerk on June 25, 1894, the day upon which they purport to have been filed, and before the adjournment of the term of court. (2) The agreement between counsel who represented the prosecution and those who represented the defense, entered into before the adjournment of the term of court at which defendant's conviction was had, waived the filing of the statement of facts and bill of exceptions number 2 within the time prescribed by statute and allowed by the order of the court, and said portions of the record actually filed according to the terms of that agreement, and with the approval of the trial judge, are entitled to be considered on this appeal. (3) Should it be held that such agreement could not amount to a waiver of a statutory provision, the statement of facts and bill of exceptions number 2, having been prepared, agreed to, approved, and filed at the time and under the circumstances and conditions detailed in said affidavit, they are entitled to be considered under the exception contained in article 1379a of the Revised Civil Statutes.

"2. The court erred in holding, that there was no error in the trial judge allowing the clothing of the deceased to be examined by the jury in the jury room during its deliberation; because such action by the jury, considered in the light of the facts shown in bill of exceptions number 3, was manifestly prejudicial to defendant's rights, and violative both of the rules of evidence and of trial practice.

" Wherefore, appellant respectfully urges the court to reconsider its opinion striking out appellant's bills of exception and the statement of facts, and to consider the questions raised on this appeal, which, it is respectfully submitted, will require a reversal of the cause."

"THE STATE OF TEXAS,  
    "Wichita County.

"I, L. H. Mathis, being duly sworn, on oath state I am of counsel for appellant in cause number 642, in the third assignment of the Court of Criminal Appeals of the State of Texas, styled Willie Spencer v. The State of Texas; that all the bills of exception which appear in the transcript in said cause, except bill number 2, were actually prepared, agreed to, and signed by counsel for the prosecution and defense, approved by the trial judge, and were handed to the district clerk to be filed—all before or on the 25th day of June, 1894, the day upon which they purport to have been filed; that all of said bills (except number 2) have remained continuously thereafter among the papers of the case in the hands of said clerk. Affiant does not remember to have seen bills numbers 1 and 3 actually filed by the clerk, but knows that they were agreed to by counsel for the prosecution, who signed the same, and that the trial judge indorsed his approval thereon on or before said June 25, 1894, and that they were, on or before that day, left with the clerk to be filed with the other three bills

which were actually filed on said June 25, 1894, and have since continuously remained with the papers. That said bills numbers 1 and 3 should have been filed on the day when they purport to have been filed, and affiant believes they were, but is unwilling to state absolutely that such is the fact, not having seen them filed.

"Affiant further says, that the agreement found in the transcript in said cause was actually entered into between counsel for the prosecution and defense before the adjournment of the term of court during which appellant was convicted, by the terms of which (on account of conditions then existing), the State of Texas, through its authorized and acting counsel, agreed to waive the condition that the statement of facts and bill of exceptions number 2 should be filed within the ten days allowed by the court, and agreed that the time in which said statement of facts and said bill might be filed might be extended to such time as said counsel for the prosecution might deem reasonable; that before the adjournment of said term of court, the trial judge informed affiant that, as was customary with him, he would respect such an agreement made by counsel on both sides, and would approve a statement of facts or bill of exception that might be agreed to by both sides, though presented for approval after the ten days from the adjournment. Affiant says, that such agreements are usual and customary in both civil and criminal cases in Wichita County, and throughout every county in the State where affiant has or has had any knowledge or information, and such agreements have been uniformly respected both by the trial judge and the clerk, and in this cause, appellant and his counsel relied upon such agreement.

"L. H. Mathis.

"Sworn to and subscribed before me, this March 27, 1895.

"L. H. Hughes, Co. Clerk Dallas Co."

And on the 23rd day of April, counsel also filed the following motion to strike out the agreement with regard to filing the statement of facts and bills of exceptions:

"Now comes Willie Spencer, appellant, and says the court ought not to consider the purported agreement as to the filing of the statement of facts and bills of exception in the case, which said purported agreement appears to have been filed in this cause December 28, 1894, for the following reasons:

"1. The instrument called an agreement is not an agreement or contract of any kind, and is not signed by Willie Spencer, appellant, or by any of his attorneys, and is not signed by the district attorney, and is only signed by Carrigan & Montgomery, who are not now and never have been attorneys for said Willie Spencer.

"2. Said instrument is not in the record by order of the trial court or this court, and it does not purport to be a part of the court record in this cause, and was not filed by the clerk of the District Court of

Wichita County during the trial of this case, and was not approved by the trial judge in this case at any time. That in fact said instrument was filed by the district clerk December 28, 1894, long after the adjournment for the term of the court in which appellant was tried. All of which facts appear in the record in this cause.

"Wherefore, appellant says the purported agreement should be stricken out of the record, and ought not to be considered by this court as a part of the record in this cause."

*W. B. Houston* and *Mathis & Mathis*, for appellant, on the motion for rehearing.—Appellant respectfully submits, that the court erred in its former opinion in this case in indulging the presumption of fact that the statement of facts in this case was not filed on the day it purports to have been filed, because the transcript contains an undated agreement between counsel for the State that the statement of facts might be filed back as of term time.

It has long been established as one of the well known presumptions of fact that all appellate courts will indulge, that "the record speaks the truth." It would be idle to cite authority in support of this proposition.

In this case, according to the certificate of the clerk, the statement of facts was filed on July 2, 1894, during term time.

The court will indulge the presumption that this is true, unless it is clearly overthrown by undisputed evidence. Is this presumption overthrown? The clerk appears to have incorporated in the record an agreement entered into between counsel for the State (whether before July 2, 1894, or after, does not appear), by which the statement of facts and bills of exception were to be filed back as of term time. The existence of such an agreement reduced to writing before the adjournment of court, July 2, 1894, would certainly not be inconsistent or irreconcilable with the truth of the clerk's certificate, that the statement of facts and bills of exception were filed on July 2, 1894. Counsel for both sides may have thought at the time of the making of the agreement that they might not be able to complete the record before the adjournment of court, or before the expiration of the ten days allowed by the order of the court, and therefore asked for such an agreement, but afterwards did complete and file the record within the time allowed by statute and the order of the court; and when the clerk adds his certificate that the statement of facts and the bills of exception were filed within the time allowed by law, we respectfully submit, that the certificate is not even contradicted by the undated agreement found in the record, and certainly the presumption of the correctness of that certificate is not overthrown by that agreement. In its former opinion, the court probably viewed the date upon which the agreement appears to have been filed by the clerk as the date of the making of the agreement, and thereupon indulged the presumption that the clerk's certificate was thereby contradicted. But such is not the case.

The agreement had no place in the record; it should not have been there; it was not called for by the rules providing for the contents of the transcript. So far as the court knows, it may simply have been placed with the papers of the case before adjournment of court, and when the clerk or his inexperienced deputy found it there when he went to make up the transcript, he placed his file mark upon it and incorporated it in the record, though it was never acted upon by either side. And we earnestly contend, that such undated agreement can be easily accounted for without contradicting or impeaching the clerk's certificate; and surely, when this can be done, the court will not permit such evidence to overcome a long established presumption as to the correctness of the record.

Granting that the finding of such an agreement raises a suspicion in the minds of the court that the clerk antedated the statement of facts and the bills of exception, should this suspicion overcome the solemn recitals of the clerk's certificate, and the presumption raised thereby? This court, as well as all appellate courts, have uniformly held, that they will not entertain even affidavits which seek to impeach the clerk's certificate. 40 Texas, 105; 43 Texas, 371. It has been decided time and again by all the courts of last resort, that where affidavits were filed in the appellate courts for the purpose of showing that the true date of filing certain papers in the record did not appear upon those papers, those affidavits would not be considered. Much less should the court allow an agreement, which appears to have by mistake or inadvertence become a part of the record, contradict the clerk's certificate, especially where the agreement can be explained as entirely consistent with that certificate. Nor should the suspicion, awakened through any cause in the court's mind, ripen or develop into a presumption strong enough to overthrow another firmly established presumption, merely because the appellant does not furnish ex parte affidavits silencing such suspicion. If affidavits impeaching the clerk's certificate will not be considered by the court, surely the court ought not to impose upon appellant the duty of corroborating the clerk's certificate by affidavits, in order to quiet a suspicion aroused from a fact which is in itself not inconsistent with that certificate.

In the second place, granting, for the sake of argument, that the court was justified in indulging a presumption which overcame the other presumption of the truth of the record, and that the appellant is required by affidavit to rebut the presumption thus indulged by the court, we respectfully submit, that where it appears that before the adjournment of the court the duly elected and acting district attorney entered into an agreement with counsel for the defendant that he would waive the ten days' time in which the statement of facts should be filed, and such an agreement was relied and acted upon by defendant, and that this agreement before the adjournment of the term met with the sanction of the trial judge, who afterwards expressly approved the

statement of facts, the appellate court should not ignore such an agreement, especially where the State does not seek to have it invalidated.

In support of this proposition we cite the following cases, where we contend that the right to make such a waiver is recognized: McCown v. Schrimpf, 21 Texas, 22; Railway v. Scott, 58 Texas, 187.

The statute relating to the time within which the bills of exception and statement of facts shall be filed applies alike to civil and criminal cases. The object of the statute was clearly in the interest of the appellee, in limiting the time in which the appellant might perfect his appeal. The statute conferred a right upon appellee to force the appellant to submit his appeal to the appellate court within a specified time, and the Legislature evidently contemplated that the appellee would always protect his own interest by insisting upon the enforcement of that right. Should a statement of facts not be filed within the time allowed by this statute, but afterwards, no more onerous labor is thereby imposed either upon the clerk of the trial court or upon the appellate court. The appellee is only postponed in the enforcement of his judgment, and if he see proper (it may be frequently to his interest to have more time to correctly prepare the statement of facts for appeal) to waive the ten days' time, the Supreme Court has held he may make such a waiver. In other words, the statute's purpose was to confer upon him a right which he may waive if he chooses. This right of waiver is distinctly announced by necessary reference in the case last above cited. Although in that case it is expressly held, that a trial judge of his own motion can not order a statement of facts filed back, yet they say the appellee was not bound to waive the ten days' time, and that in this case they did not waive it. There is no intimation that the statute is mandatory, and its provisions could not be waived; but the inference from the language of the decision is, that so far as the appellee is concerned the statute is directory, and he may waive its provisions if he chooses. And why should he not have that privilege? As before suggested, it may frequently occur that his right to do so might be of the utmost importance to him in properly presenting the record on appeal, and as his rights were only in contemplation when the statute was enacted, he ought to have the privilege of waiving these rights. Then, if the statute is merely directory so far as the appellee is concerned, there ought not to be and there is no distinction drawn where the State is appellee.

In defining the powers and duties of district attorneys, it is true there is no express recital of his right to make such agreements; nor is there a recital of his right to make other agreements which in the exercise of his official duties he daily makes, viz., his agreement with the defendant to continue a case, or to nol pros or to dismiss a case upon certain conditions, and all the other agreements which he customarily makes. In the discharge of his official duties there is implied his authority and right to make such agreements not absolutely forbidden by law, which result in the State's benefit or advantage, and if a

waiver of the ten days' time allowed for the filing of a statement of facts will result in his ability to more correctly and truthfully present the record for appeal, he should have, and we respectfully contend that he has, the right to make such waivers. If, as decided by the Supreme Court, the provisions of this statute are only directory so far as appellee is concerned, then the acting district attorney necessarily and impliedly has the authority to waive the right which the statute confers upon the State he represents, if in his judgment it is to the State's benefit and interest to make such waivers.

We respectfully submit that, upon reason and authorities cited, the court erred in declining to consider this case upon its merits, and we respectfully urge the court to give this case the consideration which we think it merits, and upon such consideration reverse and remand the same. We take it, that in any event the court will consider the bills of exception which appear by affidavit to have been filed within the time prescribed by law, and we insist, that a consideration of those exceptions alone will necessitate a reversal of the case.

*Mann Trice,* Assistant Attorney-General, and *Carrigan & Montgomery,* for the State.

HENDERSON, JUDGE.—The appellant was tried in the District Court of Wichita County under an indictment charging him with murder. The jury trying the case found him guilty of murder in the second degree and assessed his punishment at twelve years in the penitentiary, and from the judgment and sentence in the case he prosecutes this appeal.

The question that presents itself at the threshold of the case is whether or not we can consider the statement of facts and bills of exception as a part of the record in this case. The record shows, that the court adjourned on July 2, 1894. The bills of exception appear to have been filed on June 25, 1894, and the statement of facts on July 2, 1894. The record shows that the following agreement was filed December 28, 1894, to wit: "The State of Texas, Wichita County. We agree that the statement of facts and bills of exceptions in the case of The State v. Willie Spencer may be filed as of the term during which the same was tried." Said agreement was signed by counsel representing the State. The record shows an order, of date June 26th, allowing ten days after adjournment of the court within which to file a statement of facts in the case. Although the approval of the judge on the statement of facts and bills of exception is without any date, and the filing of same (both the exceptions and statement of facts) contains a date as of the term, yet to our minds the above agreement makes it evident that neither the statement of facts nor bills of exceptions had been filed prior to the 28th of December, 1894, and that they were purposely antedated, so as to appear to have been filed during the term. The law and the rules of this court require the bills

of exceptions to be filed during the term, and the statement of facts can only be filed after the term when the court has made an express order allowing the ten days; and the method pursued in this case only shows an attempt to evade, by an agreement not authorized by law, a long-established rule of practice, the wisdom of which has been demonstrated by experience. Such a course of procedure can not be permitted by this court, and the bills of exception and statement of facts which appear in the record will not be considered by us.

The only question remaining for consideration in this case is that raised by the motion for a new trial in regard to the taking by the jury into the room of the clothes of the deceased, which had been introduced in evidence in the case. The motion was supplemented by the affidavit of one of the jurors and also of defendant's counsel, and showed, that on application of the jury, in the absence of defendant and his counsel, the clothing which had been introduced in evidence was authorized by the court to be sent to them. It is not shown that the clothing was used by the jury in any other manner than as warranted by the evidence, or that any new facts in connection therewith were discovered and discussed by the jury, and no prejudice is shown to have resulted to the defendant by the use of the clothing in the jury room. In McDonald v. The State, 15 Texas Criminal Appeals, 499, it appears that the jury were in the room where the homicide which they were trying occurred, and examined the bullet holes in the walls. Judge Wilson, in passing upon the question, said: "It is not made to appear, however, nor do we think that it was at all probable that such was the case, that the jury were in the least degree influenced in their verdict by these matters." So far as the Bouldin case, 8 Texas Criminal Appeals, 332, is concerned, which appears to contravene the decision in the McDonald case, the same has heretofore been overruled in Bell v. The State, 32 Texas Criminal Reports, 440. See also Powell v. The State, 61 Mississippi, 319. The motion for new trial showed, as before stated, that the clothing which was permitted by the court to be sent to the jury room had previously been introduced in evidence, and was used before the jury, in connection with the shot holes in the same, in the argument of the counsel; and although the defendant had full opportunity to show all the facts that occurred in the jury room in connection with the inspection and use of the clothing by them, it is not shown by the affidavit of any juror that said clothing was used by them in any different manner than accorded with the evidence adduced before them in connection with said clothing, nor is any new fact shown to have been discovered by them. In our opinion, the appellant must show affirmatively that he probably suffered some prejudice by the use of this testimony by the jury in the jury room, before he can be heard to complain; and none having been shown in this case, the judgment of the lower court is affirmed.

*Affirmed.*

Judges all present and concurring.

## ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was decided at the Dallas Term of this court, and now comes before us on motion for rehearing. In appellant's motion for rehearing he contends, that the file mark on the statement of facts and bills of exception, which show that these papers were filed during the term of the District Court, must govern, and that the court can not look to the written agreement filed on the 28th day of December, 1894—some six months after the court adjourned—to aid it in determining whether the statement of facts and bills of exception were filed during the term. The agreement in question was filed on the 28th of December, 1894, and was a stipulation on the part of the State's counsel to allow the statement of facts and bills of exception to be made up and filed as of the term. Appellant contends, that this agreement constitutes no part of the record in the case, and should not have been filed. By Rule 47 for the government of the District Court it is provided, that "no agreement between attorneys or parties, touching any suit pending, will be enforced unless it be in writing, signed, and filed with the papers as part of the record in the case." While this agreement was such a one as could not be enforced, yet it seems to have been reduced to writing, in accordance with the provisions of this rule, appears to have been acted upon by the parties, and approved by the court; and appellant even now insists, that having the approval of the court, and relying on same, it is such an agreement as this court ought to respect and enforce. Such is not our view. But conceding that the same was improperly filed as part of the record of the case, it furnished this court, when the case was originally before us, with a suggestion that said statement of facts had not been filed within the ten days allowed by law after the adjournment of the court; and the court, acting upon this, in connection with other evidence, struck out said statement of facts, and appellant now, on motion for a rehearing, instead of filing affidavits or presenting other evidence showing that the statement of facts had been filed within the time allowed by law, has filed a motion and affidavits, by which he gravely insists, in the first place, that this court can not look beyond the file mark of the clerk on the statement of facts to ascertain whether or not the same was filed on the day it purported to be.

In answer to this it is sufficient to say, that when an issue of this character is raised we do not believe that the powers of this court are so circumscribed as not to authorize it to take proper steps to determine the truth of the issue thus made. If it were otherwise, the law on the subject requiring bills of exception to be filed within the term, and statement of facts to be filed within the term, or ten days beyond the term, under an order of court, would be a dead letter, as its provisions could be so easily evaded by the action and connivance of the officers of the lower court; and we hold that, whenever the question as to the filing of bills of exception and statement of facts is properly made,

this court is not without power to inquire into the truth or falsity of such an issue. In the second place, appellant, instead of filing affidavits showing that the statement of facts was filed on the date when it purported to be, files an affidavit of one of the counsel, admitting that such was not the case, but insisting that, having made an agreement within the term to prepare and file said statement beyond the time allowed by law, and the same having received the approval of the judge below, this court should respect an agreement so made, and should regard the statement of facts as filed within the time allowed by law. Such we do not understand to be the rule of law on this subject. Under an order of the court, ten days beyond the term is the extreme limit allowed by law within which to prepare and file a statement of facts in any given case. Such was considered by the Legislature as ample time, even in extreme cases, and we know of no rule of law by which a judge below is authorized to increase the time. No doubt it was considered by the Legislature as a wise regulation that the statement of facts should be completed as nearly as possible contemporaneous with the trial of the case, while the memory of counsel and the court was fresh as to the facts thereof, and, in practice, unquestionably the wisdom of this regulation appeals to every lawyer who has had occasion to prepare a case for appeal. It goes without saying, that a statement of facts is more easily and accurately prepared at or near after the trial than beyond that, and as time elapses, the difficulty of agreeing upon the facts is enhanced; and this court will not lend its aid in ignoring the plain letter of the law, nor will it approve of any connivance on the part of the lower courts in a departure from the statute on this subject. Because it appears to the court that the statement of facts in this case was not filed within the time allowed by law, this court will adhere to its former opinion, and will refuse to consider the same as a part of the record in this case.

The motion for a rehearing is accordingly overruled.

*Motion overruled.*

Judges all present and concurring.