## G. L. BRYANT v. THE STATE.

*No. 851.    Decided January 29th, 1896.*

35b 394
39  683

**1.    Statement of Facts.**

A paper purporting to be a statement of facts, though properly approved by the judge, but which has no file mark upon it and contains no information as to whether it was filed in term, ten days after or subsequent to the adjournment, will not be considered for any purpose on appeal.

**2.    Same—Necessity For, Where Continuance is to be Considered.**

On appeal, in the absence of a statement of facts, this court cannot pass intelligently upon the action of the trial court in overruling a motion to continue, because, without such statement, this court is without the means to determine whether the testimony of the absent witnesses was probably true.

**3.    Same—Charge of the Court in the Absence of.**

In the absence of a statement of facts, if the charge of the court be applicable to any state of facts provable under the allegations of the indictment, it is sufficient; unless it contains expressions of the court as to credibility of witnesses or the weight

of their testimony; or unless it sums up the testimony or contains matter calculated to arouse the passions and prejudices of the jury against the accused.

**4.  Same.**

A charge of court is per se erroneous which uses argument calculated to arouse sympathy or excite the passions of the jury.   Code Crim. Proc., Art. 678.

**5.  Same—Bill of Exceptions.**

A bill of exceptions, in the absence of a statement of facts, must show upon its face, that it contains all of the evidence introduced on the trial in regard to the matter complained of.

**6.  Dying Declarations—Written Statement.**

If the deceased gave a version of what occurred at the time the fatal wound was received, believing that he would recover, and his statement is reduced to writing; and, if afterwards, he believing that he is going to die, refers to and approves the statement as being correct, such statement is competent testimony as dying declarations.

**7.  Evidence—Animus and Threats of Defendant.**

On a trial for murder, testimony is admissible which shows bitter feelings on the part of the defendant towards the deceased, and also establishes threats of a very serious character.

**8.  Bill of Exceptions by Bystanders.**

To entitle a party to a bill of exceptions signed by bystanders, he must bring himself within the rules provided in Chap. 16, Rev. Stat., and especially in Arts. 1363 to 1367.   Exon v. State, 33 Tex. Crim. Rep., 461.

**9.  Evidence—Surprise—Practice.**

When surprised at the testimony of a witness, the party must move to withdraw his announcement and ask for a postponement or continuance, so that he can meet the testimony.   He cannot proceed with the trial and urge such matter on his motion for a new trial.

### ON MOTION FOR REHEARING.

#### *Decided June 10th, 1896.*

**10.  Statement of Facts—Practice on Appeal as to File Mark on.**

This court on appeal will, whenever necessary, go behind the file mark, appearing upon a statement of facts, in order to ascertain and determine whether the said statement was in fact legally filed.   Following, Spencer v. State, 34 Tex. Crim. Rep., 238.

**11.  Same—Diligence to Procure.**

If it be true that appellant was diligent in endeavoring to procure and have a statement of facts filed within the ten days after the adjournment of court, and, by no fault of his, the same was not procured and filed, then the statement of facts will be considered.   See, facts stated, which, in the opinion of the court, show a want of diligence to procure and file the statement of facts within the ten days after the adjournment of the court.

**12.  Same—Affidavit as to Diligence.**

The affidavit to show the diligence used to procure a statement of facts, must state the acts of diligence; and will be insufficient if couched in general terms only; and even in exceptional cases, it must clearly appear that due diligence was used within the ten days allowed, and that the failure to procure the same was the result of causes, beyond the control of appellant.

**13.  Same—Limitations—Sunday Not Excluded.**

Where ten days after adjournment are allowed within which to file a statement of facts, the court would not feel at liberty to exclude the intervening Sundays from the limitation of time.

**14. Same.**

What the judge or the District Attorney may have said or done, with reference to filing the statement of facts back within the ten days cannot avail to exonerate an appellant from the use of diligence before expiration of the time allowed by law.

APPEAL from the District Court of Bowie. Tried below before Hon. JOHN L. SHEPPARD.

This appeal is from a conviction for murder in the first degree, the punishment being assessed at imprisonment in the penitentiary for life.

The party killed was one G. T. Ellis; and, it was charged in the indictment, that he was murdered by the defendant with a gun, in the County of Bowie, on the 21st day of September, 1894.

By consulting the opinion, it will be seen, that what purported to be a statement of facts is held not entitled to consideration; because, it was not shown when the same was filed. We cannot, therefore, make a statement of the case. The opinion sufficiently explains the matters relating to the questions discussed.

*Jno. J. King*, *T. E. Webber* and *Hudgins & Estes*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life, and from this judgment he prosecutes this appeal. The record contains what purports to be a statement of facts in the case. No file mark appears on the statement of facts, and we are not informed when it was filed. It is properly approved by the judge, but whether filed in term, ten days after, or subsequent to the adjournment, we are not informed. It cannot therefore be considered for any purpose. In the absence of a statement of facts, we cannot pass upon the action of the court in refusing to continue or postpone the case. While the diligence may have been perfect, and the testimony of the absent witnesses material, we cannot determine whether such testimony was probably true, because it is tested by the testimony introduced upon the trial, which is not before us. In passing upon the charge of the court, the rule is that, if the charge as given was applicable to any state of facts, we must hold it sufficient, in the absence of a statement of facts, unless it contains an expression of the court as to the credibility of the witness or the weight to be given to the testimony, or unless it sums up the testimony, or contains something which is calculated to arouse the passions and prejudice of the jury against the accused. We have examined the charge of the court, and find no error in it, tested by the allegations in the indictment. In the absence of a statement of facts, a charge might violate the provisions of Art. 678, Code Crim. Proc., which would be reversible error, because this article expressly inhibits the court from using any argument calculated to arouse the sympathy or excite the passions of the jury. The charge does not comment upon the testimony, does not sum up the evidence, or express an opinion as to the weight of the testimony. It is therefore without objection in this respect.

It appears from the record, by a bill of exceptions, that an operation

was performed upon the deceased, soon after he was shot; that before the operation he made a statement in regard to how he received the wound, from whom, and giving the circumstances attending the shooting. His statement was reduced to writing, and, over the defendant's objection, introduced in evidence as containing his dying declaration. The objection was that the deceased was not conscious of approaching death, that there was a lingering hope of recovery remaining with him. This is assigned as error. In reply we have to say: First, that a bill of exceptions, in the absence of a statement of facts, must show upon its face that it contains all of the evidence introduced on the trial in regard to the matter complained of; second, that, while this written statement may not have been admissible, the deceased may have, when conscious of approaching death or immediate dissolution, referred to it, and approved it as a correct statement. The statement of facts supports this proposition, and it demonstrates that this may occur. While we cannot consider the statement of facts, we allude to it as an illustration of the correctness of the rule we state, viz: That all of the testimony bearing upon the question as to whether he had a hope of recovery or not must be stated. The bill of exceptions must show that that was the only statement that he made; for if he approved the written statement, or made a declaration afterwards, when fully conscious of approaching death, which was consistent with that statement, which had been reduced to writing, no injury could result to the accused. The written statement, standing alone, was not admissible. There was a lingering hope of recovery. But we are not informed by the bill that this was all the testimony bearing upon the condition of the deceased's mind; and, as has been stated, afterwards, when the deceased was conscious that he was about to die, he may have referred to the written statement, and approved the same as a correct version of what occurred at the time of the shooting; and the second bill of exceptions, bearing upon this subject, shows that he did do this. If the deceased gives a version of what occurred at the time the fatal wound was received, believing that he would recover, and his statement is reduced to writing, and if, afterwards, he, believing that he was going to die, refers to and approves the statement as being correct, the statement is competent testimony as dying declarations. Mockabee v. Com., 78 Ky., 380; Young v. Com., 6 Bush, 317; Reg. v. Steele, 12 Cox, Crim. Cas., 168; State v. McEvoy, 9 S. C., 208.

The objection to the testimony of Patterson is not well taken. The testimony shows bitter feelings on the part of the defendant towards the deceased, and also establishes threats of a very serious character, and is therefore admissible upon other grounds. The appellant's bills of exceptions, Nos. 6 and 7, are not approved by the judge. The appellant did not bring himself within the rule laid down in Exon v. State, 33 Tex. Crim. Rep., 461. Bill of exception No. 8 complains of the remarks made by the District Attorney to the jury. If the remarks were improper, the court acted very promptly in instructing the jury not to re-

gard them.    The appellant moved for a new trial upon tne ground that
he was surprised at the testimony of the witness, William Teal.    This
cannot be relied upon for a reversal, in the shape in which it is present-
ed.    When surprised by the testimony of a witness, the party cannot
continue the trial, and urge this matter for a new trial.    He must move
to withdraw his announcement, and ask for a postponement or continu-
ance of the case so that he can meet the testimony of the witness.    This
is a well settled rule.    In regard to the motion to withdraw the an-
nouncement and continue the cause because of the testimony of the
witness, Freeman, we make the same observation as we did in regard to
the continuance of the case.    In the absence of the statement of facts,
we cannot determine whether the testimony of Freeman, if he had been
examined in the case, was probably true.    This question can only be
determined upon all of the facts in the case.    The judgment is affirmed.

*Affirmed.*

---

ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—This case was decided at the Dallas
term (1896) of this court, and the judgment then affirmed, the statement
of facts being stricken out.    Appellant now applies for a rehearing in
said case, and his motion involves the action of this court in striking
out the statement of facts.    In the decision of this case, the court.
ignored and disregarded what purported to be a statement of facts,
found in the record, on the ground that no file mark appeared on said
statement of facts.    Appellant, in his motion for rehearing, presents
the affidavit of the clerk, to the effect that said statement of facts was
filed within ten days after adjournment of the term of court, the court
having granted ten days after adjournment of court in which to file said
statement of facts.    Said affidavit is as follows:

"J. R. Wilson, Clerk of the District Court of Bowie County, Texas,
being sworn, says: that the statement of facts, as it appears in the tran-
script in the above styled and numbered cause, appealed from Bowie
County, was sent to him by Hon. Jno. L. Sheppard, District Judge,
presiding upon the trial of appellant in the District Court of said county,
with instructions to properly and in due time file the same, and that he
did immediately place his file mark as District Clerk of said Bowie
County upon said statement of facts, and that the omission of a copy of
the file mark in the transcript of said cause was an oversight of the
clerk making the transcript; and he further says, that while he does not
remember the day upon which he filed said statement of facts, the file
mark thereon shows that it was filed within ten days after the adjourn-
ment of the term of the court during which appellant was tried.

[Signed]                                    "J. R. WILSON,
"District Clerk Bowie County, Texas."

"Subscribed and sworn to before me this February 3rd, 1896.
"JNO. J. KING,
"County Judge Bowie County, Texas."

It will be noticed that the affidavit of said clerk, states that his omission to put the file mark on the statement of facts in the transcript of said case was an oversight, and that while he does not remember the day upon which he filed said statement of facts, the file mark thereon shows that it was filed within ten days after the adjournment of the term of court at which appellant was tried. This affidavit is clearly evasive, and it is intended to convey the idea that said statement of facts was filed within ten days after the adjournment of court. The clerk knew at the time that such was not the case. Other affidavits and letters in the case indicate, that although the court adjourned on the 23rd of October, 1894, the statement of facts in this case was not filed, in fact, until in the year 1895; and this same clerk makes the following subsequent affidavit:

"Now comes J. R. Wilson, and in obedience to a writ of attachment issued out of the Court of Criminal Appeals, of the State of Texas, and directed to the sheriff of Bowie County, commanding him to summon the said J. R. Wilson before the Court of Criminal Appeals, on the 4th day of March, 1896, then and there to testify in the case of the State of Texas v. G. L. Bryant, and also show cause why he should not be fined for contempt of court, respectfully answers as follows: The statement of facts in said case was forwarded from Jefferson to the district clerk of Bowie County, on the first day of February, 1895, by John L. Sheppard, judge of the Fifth Judicial District, accompanied by a letter, a copy of which is hereto attached, marked "Exhibit A," and made a part of this answer, directing the said J. R. Wilson, as clerk, to file the said statement of facts within the ten days from the adjournment of the term— which he did—believing the District Judge had the right to make said order.

"Wherefore, said J. R. Wilson respectfully asks that he be relieved from any further liability herein.

"[Signed]      J. R. WILSON."

"Subscribed and sworn to by J. R. Wilson, before me, on this, the 4th day of March, A. D. 1896.

"W. A. HUDSON,
"Clerk Court of Criminal Appeals, at Dallas."

To this affidavit is appended a copy of the letter of the Hon. John L. Sheppard, District Judge, authorizing said Wilson to file a statement of facts back within the ten days. Said letter is as follows :

"MR. J. R. WILSON,                    "LINDEN, TEXAS, 2-7, 1895.
"Boston, Texas.

"DEAR SIR:—File the statement of facts in the Bryant case within ten days from the adjournment of court.

"Very truly yours,.
[Signed]                    "JOHN L. SHEPPARD."

Unquestionably the first contention of appellant, to the effect that such statement of facts was filed within the ten days after the adjournment of the court, is not true.  Nor can the contention of the appellant, that this court cannot go behind the file mark appearing on the statement of facts, be maintained. The contrary was held in Spencer v. State, 34 Tex. Crim. Rep., 238.  Appellant contends, however, that although it may be true that the statement of facts was not actually filed within the ten days after the adjournment of court, yet it was owing to no want of diligence on his part, and that consequently the same must be considered as a part of the record in this case.  If it be true that appellant was diligent in endeavoring to procure and have filed a statement of facts within the ten days after the adjournment of court, and by no fault of his, the same was not procured and filed, then the statement of facts will be considered.  See, Spencer v. State, 25 Tex. Crim. App., 585; George v. State, 25 Tex. Crim. App., 229; Farris v. State, 26 Tex. Crim. App., 105; Kutch v. State, 32 Tex. Crim. Rep., 184; Bell v. State, 31 Tex. Crim. Rep., 521; Prieto v. State, ante p. 69.

In testing this question of diligence, it will be tried by what appellant did, with reference to preparing a statement of facts and presenting the same to the District Attorney and then to the District Judge, within the ten days after the adjournment of the court.  This question of diligence within the ten days is presented to us pro and con by affidavits and exhibits.  The affidavits of Estes and Mayher, show that Mayher acted as stenographer during the trial of the case, and that he took the testimony in short-hand; that court adjourned on the 23rd of October, and that Estes, acting as the attorney of appellant, and Mayher as stenographer, at once set about the preparation of a statement of facts, and that they used all diligence to transcribe the stenographer's notes and get them in shape, and worked each day of the intervening time, except Sundays.  That great difficulty was encountered in the transcription of said stenographer's notes, there being a great deal of expert medical testimony in the case; that the same was finished as soon as the said Estes and the stenographer could complete it, and said Estes immediately took it to Daingerfield, in Morris County, where the District Court was in session, and submitted the same to the Hon. Hiram Glass and Hon. John L. Sheppard, who were respectively the District Attorney and District Judge, who prosecuted and presided respectively during the trial of the appellant's case.  That the said District Attorney declined to agree to said statement of facts, after which affiant (Estes) took the same to the District Judge, informing him of his inability to agree with the District Attorney upon the statement, and requested him to approve the same as furnished by the affiant, and forward, as soon as possible, to the Clerk of the District Court of Bowie County, Texas. The District Judge declined to approve said statement or accept the same, and instructed the affiant to take the same back to the District Attorney, and as soon as each furnished him a statement from the two he would make up a statement of facts and forward the same to the

District Clerk. Affiant then took his statement back to the District Attorney, and left the same with him, requesting at the same time that as much speed as possible be used in preparing said statement, to be furnished to the District Judge for inspection. Appellant also appends to his motion a letter or certificate of the District Judge which is as follows:

"LINDEN, TEXAS, Feb. 10th, 1896.

"This is to certify that I tried the case of The State of Texas against George L. Bryant, in the District Court of Bowie County, Texas, and that after ten days had elapsed after the adjournment of the District Court in said county, Mr. Lee Estes, one of the defendant's attorneys, came to Daingerfield, Morris County, Texas, and told me that he had his statements of facts in said case, and I asked him, had the District Attorney agreed to his statement, and he said they had not agreed in the statement; and I suggested to him to take his statement to the District Attorney, and if they failed to agree, that they could present their respective statements to me, and then I would prepare a statement of facts. I never saw the statement of facts prepared by either the District Attorney or the defendant's counsel until January, 1895, which was about seventy-five or eighty days after the trial of the said George L. Bryant. It was about fifteen days after the adjournment of the court in Bowie County, when I saw Mr. Lee Estes in Daingerfield, and had the conversation with him above referred to.

    [Signed]                 "JOHN L. SHEPPARD,
                            "Judge 5th Judicial District."

This exhibit shows that it was fifteen days after the adjournment of the court before counsel for appellant spoke to the judge with reference to the statement of facts, and then he did not present the same to him for approval. As we have stated before, there is a good deal in the record to show an endeavor, after the expiration of the ten days, on the part of appellant's counsel to get the District Attorney to agree to a statement of facts, but as stated, with this we have nothing to do. The question is, as to the diligence exercised within the ten days after the adjournment of the court.

Appellant says, that the statement of facts contained some 150 pages when transcribed from the stenographer's notes. This may have included questions and answers, as the questions do not appear in the record. But, as the statement of facts appears in the record, there is only 111 pages of type-written matter, and this includes four pages of letters, which would leave only 107 pages of type-written matter to be prepared within the ten days. An ordinary typewriter would transcribe fifty pages a day. This would take only three days to complete the transcription of the stenographer's notes. While this was being done, the counsel in the case could be employed in preparing, from these questions and answers, a statement of facts, so that he need not be delayed until the stenographer had finished the transcription of his notes. We take it as reason-

able, without imposing upon him any extra labor, and without requiring him to work at night, that he could have at least prepared twenty pages of manuscript of the statement of facts each day; and within six days, by the use of ordinary diligence, he could have had his statement of facts prepared and ready to be presented to the District Attorney for his agreement. If the District Attorney failed to agree to the same, it was his duty then to obtain his disagreement, and then present the statement of facts to the judge.    He had four days, after he could by the use of ordinary diligence have prepared his statement of facts, within which to have seen the District Attorney and the District Judge, and present his statement of facts to them.    When the statement of facts reached the District Judge within the ten days, his duty was performed, and the judge's duty with reference to the statement began.    But, as we have seen, the statement of facts was not presented to the judge, even on the fifteenth day after the trial.    It was merely stated by appellant's counsel to the judge, that he had his statement.    The affidavit of the attorney before alluded to, is couched in the most general terms.    He merely states that he used diligence, but the acts he did are not stated, and we are asked, on this bare statement that he used diligence, to take it for granted that it was impossible in the nature of things for the attorney in this case to have prepared the statement of facts, 107 pages, within the limited time of ten days.    This proposition is unreasonable, and we cannot concede it. Should we do so, it would be equivalent to enlarging the limitation authorized by the statute, in almost every case.    In every case where the evidence was at all voluminous, we would be confronted with the general affidavit that the party had used reasonable diligence to prepare his statement of facts, but found it impossible to do so.    There may be such cases where the record is so voluminous that we might feel constrained to enlarge the time, but in such case, it must clearly appear that the appellant used due diligence to have prepared the statement of facts within the ten days authorized by law; and that his failure to procure a statement of facts was the result of causes beyond his control.    Nor would we feel at liberty to exclude the intervening Sundays from the limitation of time.    Certainly a case could rarely occur in which the parties were only engaged in the trial four days, including the empanelment of the jury and argument of counsel, in which it could be said that by the use of reasonable diligence the party was not able to prepare a statement of the facts adduced on the trial, within the ten days.    In our opinion the diligence shown was not sufficient, and we cannot consider the statement of facts.    What the judge may have said or done, or the District Attorney 'may have said or done with reference to filing the statement of facts back within the ten days cannot avail the appellant in order to exonerate him from the use of diligence before the ten days allowed by law expired.    This being the only question in the case, the motion for rehearing is overruled.

*Motion Overruled.*