## WILL ALSUP v. THE STATE.

### No. 5116.    Decided March 12, 1919.

**1.—Murder—Co-Defendant—Practice in District Court—Surprise.**

Where appellant complained that he was deprived of the testimony of his witness because he was arrested on an indictment for the same offense while under the rule as the jury were being selected in defendant's case, but there was no showing in the record that this indictment was found fraudulently or purposely to deprive the appellant of the witness' testimony, and there was no application for postponement or continuance on the ground of surprise, there was no reversible error. Following Raleigh v. State, 74 Texas Crim. Rep., 484, 168 S. W. Rep., 1050, and other cases.

**2.—Same—Statement in Original Opinion—Rehearing.**

Where appellant objected in his motion for rehearing to the language in the original opinion, to the effect that no fraudulent purpose appeared to deprive appellant of his witness's testimony who was indicted while under the rule, etc., but this was a reasonable deduction from the record in the manner in which it appeared, there is no error.

**3.—Same—Charge of Court—Apparent Danger—Standpoint of Defendant.**

Where, upon trial of murder, the court's charge on apparent danger instructed the jury that a reasonable apprehension of death or serious bodily injury will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in which case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant, there was no reversible error. Distinguishing Hays v. State, 199 S. W. Rep., 621.

**4.—Same—Requested Charge—Apparent Danger—Standpoint of Defendant.**

Where appellant complained of the court's refusal to give his requested charge on apparent danger, but it appeared from the record that the court had submitted another requested charge of defendant on the same subject which, taken with the main charge, fully instructed the jury that they should view the situation from the standpoint of the defendant, there was no reversible error; besides this special charge as refused was on the weight of the evidence.

**5.—Same—Requested Charges—Bill of Exceptions.**

Where it did not appear from the requested charge or bill of exceptions whether said charge was presented or refused before or subsequent to the reading of the court's charge, the same cannot be considered.

**6.—Same—Requested Charge.**

Where it appeared from the record that the requested charges were either given in the main charge or submitted, there was no reversible error.

**7.—Same—Evidence—General Reputation.**

Where the bill of exceptions showed no reversible error in the admission of testimony as to general reputation of the deceased and whether he was mad, or the testimony admitted as to the location of the bullet holes, etc., there was no reversible error.

**8.—Same—Argument of Counsel.**

In the absence of a requested charge to withdraw the argument of State's counsel to which objection was raised privately there was no reversible error.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of murder and his punishment fixed at seven years confinement in the penitentiary.

On this appeal his most serious complaint is that he was deprived of the testimony of his witness Allison, by reason of the fact that while the jury were being selected in his case, and after the witness had been sworn and put under the rule, said witness Allison was indicted for the same offense as that charged against appellant, and he was thereby unable to have the benefit of Allison's testimony; which facts, and the testimony he expected to obtain from said witness, were set out at length in appellant's motion for new trial. It also appears that appellant did not know of such indictment or the arrest of said witness thereunder, until after the completion of the jury and the arraignment and plea of not guilty of the appellant, but that he did know of same before any testimony was introduced.

There is no claim or allegation on the part of appellant, in his motion for new trial, that the indictment of Allison was fraudulently or purposely done without just ground and to deprive appellant of his testimony, nor is such proposition suggested or sustained by any evidence introduced in support of said motion for new trial.

From the record it seems that the indictment against Allison for complicity in the same offense charged against appellant, was rather expected by the parties. The grand jury met on the first Monday in January, 1918 and recessed on the 11th, after returning an indictment against appellant, said recess being taken until the 28th of said month. On the 14th the trial court set the case of appellant down for January 29th. The grand jury reconvened on the 28th and on the 29th returned into court the indictment complained of by appellant here. The district attorney states, without controversy, that he was not with the grand jury on the day the indictment against Allison was returned, and also says that when the grand jury took its recess, as mentioned, that he was surprised that an indictment had not been returned against Allison.

Our statute, Article 616, C. C. P., plainly provides for a continuance or postponement of a case upon application of either party, when by some unexpected occurrence, after the trial has begun, the applicant is so taken by surprise as that a fair trial cannot be had. If appellant really desired the testimony of Allison he should have availed himself of his right under this statute and should have made such motion. While same is addressed to the sound discretion of the trial court, its apparent abuse has always been revised by this court, and if an accused failed to avail himself of this plain remedy, he cannot for the first time set up the matters which constitute the unforseen occurrence in his motion for new trial.

As said by this court in Childs v. State, 10 Texas Crim. App., 183, speaking of a case where the appellant claimed surprise during the trial: "It then became the duty of the defendant to apply to the court for either a continuance or a postponement, and not to pass it by and depend upon a new trial to enable him to counteract the effect of the surprise. He should have acted at the time and in the manner prescribed by law, and not having done so, he cannot now be heard to complain." See Higginbotham v. State, 3 Texas Crim. App., 447; Walker v. State, 7 Texas Crim. App., 245; Roach v. State, 21 Texas Crim. App., 249; Eldridge v. State, 12 Texas Crim. App., 208.

That such matter is not available when set up for the first time on motion for new trial is well settled. Raleigh v. State, 74 Texas Crim. Rep., 484, 168 S. W. Rep., 1050; Graves v. State, 65 Texas Crim. Rep., 419, 144 S. W. Rep., 961; Bryant v. State, 35 Texas Crim. Rep., 394.

Other witnesses testified substantially as appellant claimed Allison would have done, and one accused, on the trial, or at any other stage in his case, may not neglect his plain statutory remedies and take chances on the result, and on motion for new trial make his first complaint because the result was unfavorable to him. Appellant should have made a motion for a postponement setting up the facts and if same had been granted he could then have demanded the trial first of Allison in due statutory form.

The other matters set up by appellant we do not think constitute any reversible error.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 12, 1919.

LATTIMORE, JUDGE.—At a former time during this term this case was affirmed and is now before the court upon the appellant's motion for rehearing.

We first notice that complaint is made of the language of the former opinion, which was as follows: "There is no claim or allegation on the part of appellant, in his motion for a new trial, that the indictment of Allison was fraudulently or purposely obtained without just ground and to deprive appellant of his testimony, nor is such proposition suggested or sustained by any evidence introduced in support of said motion for a new trial, etc."

In the original opinion we called attention to the facts leading up to and surrounding the indictment of the witness Allison, which facts are so wholly variant from those in Dodson v. State, 52 Texas Crim. Rep., 247, as not to make that case an authority in our consideration before or now, and as this court is not inclined to impute fraud or unfair dealing to the trial courts or to grand juries or district attorneys unless same be set out and brought to our attention in some way other than by inference or presumption, we made the observations complained of in appellant's motion. We do not think this court is the proper place to first make complaint of matters which should be alleged and proven at some stage of the proceeding in the lower court.

Appellant's second complaint in his motion is that his main ground for reversal was not discussed at length, same being that the trial court's charge on danger and apparent danger was not the law, and in support of his contention, he cites Hays v. State, 199 S. W. Rep., 621, claiming that the charge held erroneous there, is identical with the one given in this case. We have again carefully considered this matter. The charge of the trial court complained of is as follows: "A reasonable apprehension of death or serious bodily injury will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in which case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant."

An inspection of the record will show that no exceptions were

taken to this or any other part of the court's charge prior to the time when same was read to the jury, as is directed and required by Article 735 C. C. P., so that it will be here observed that appellant is in no position to complain of said charge or of this court's failure to discuss the same in its former opinion. We might let the matter rest here, but an inspection of the Hays' case fails to sustain the contention. Paragraph two of the charge in the Hays' case is as follows:

"Exception was reserved to the fifth and sixth subdivisions of the charge on self-defense, and a special charge requested, which was refused. In subdivision 6 the court instructed the jury that, if they should believe the defendant killed deceased, Bean, and at the time of doing so Bean had made an attack on defendant, which from the manner and character of it caused the defendant to have a reasonable expectation or fear of death or serious bodily injury, and acting under such reasonable expectation and fear the defendant killed deceased, they would acquit him. The fifth subdivision reads: 'A reasonable apprehension of death or great bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger, as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is, in no event, bound to retreat in order to avoid the necessity of killing his assailant.' It will be noticed these charges submitted the self-defense theory from the standpoint of the jury rather than from the standpoint of the defendant, for that body was instructed if they should believe at the time of so doing the deceased had made an attack on the defendant, which from the manner and character of it caused the defendant to have a reasonable expectation or fear of death, etc. The charge should have instructed the jury not as they viewed it, in the light of the testimony and the events subsequent to the homicide, but as defendant viewed it at the time of the killing."

There is no question of the similarity of part of the charge of the court in that case, with the part complained of in the instant case, but if the language of the opinion in that case is read closely, to-wit: " It will be noticed *these* charges submitted the self-defense theory from the standpoint of the jury rather than from the standpoint of the defendant, for that body was instructed if they should believe at the time of so doing, the deceased had made an attack on the defendant, which from the manner and character of it caused the defendant to have a reasonable expectation or fear of death, etc. The charge should have instructed the jury not as they viewed it in the light of the testimony and the events subsequent to the homicide, but as defendant viewed it at the time of the killing." The difference will be apparent.

We have given all the court said in that paragraph of the charge

because it is clear from reading same that the court in its criticism was referring to subdivision six of the charge, whch is the one quoted substantially, and not to the fifth subdivision, set out; and while the word "these" might be taken to refer to both subdivisions, it is not correctly inserted for there is nothing in the quoted part of subdivision five subject to the criticism of the court, but quite the contrary appears.

Appellant further complains in this connection, that the court did not give his special charge No. 2. which is as follows: "The defendant asks the court to charge the jury that each juror must place himself in the position of the defendant and determine from all facts as they appeared to the defendant at the time whether or not his apprehension or fear of death or serious bodily injury was reasonable, and, if you so find, then you must acquit the defendant."

We call attention to the fact that in addition to the main charge on this point, the trial court gave, at the request of the appellant, the following special charge: "The defendant asks the court to charge the jury that if at the time defendant fired the shot, if he did fire it, it reasonably appeared to him from the circumstances of the case, viewed from his standpoint, that the deceased was about to take his life or do him serious bodily injury, he was justified in killing the deceased, although, in fact, the jury might believe from the evidence that the defendant was in no danger at the time of losing his life or receiving serious bodily injury at the hands of the deceased."

This, taken with the main charge, fully instructed the jury that they should view the situation from the standpoint of the appellant. In addition to being objectionable as a repetition of charges already given, it appears to us that this special charge is on the weight of the evidence as assuming that appellant had an apprehension or fear of death or serious bodily injury, that being a sharply contested issue in the case.

Appellant asked special charge No. 4, and neither from the charge or bill of exceptions No. 6, taken to the action of the court in refusing the same, does it appear whether same was presented or refused before or subsequent to the reading to the jury of the charge, and in this condition we cannot consider same.

Appellant's special charge No. 3, the refusal to give which is complained of in his bill of exceptions No. 8, was given almost verbatim by the court in his main charge.

Special charges Nos. 1 and 2 asked by the appellant were given by the court.

The only remaining errors complained of were some exceptions to the testimony. Appellant complains that the State was permitted to ask the witness Burns if he knew the general reputation of Lee Shields in the community in which he lived for being a quiet, peaceable, lawabiding man, the objection apparently being

that the alternative of the question was not inserted therein and that something was left out of the question. It was also objected that said witness was asked by the State if he had talked to Shields just before the difficulty, · "and was he mad or not?" Also to the witnesses Collins and Grammell being asked as to the location of the bullet holes in the clothing worn by deceased at the time of the fatal difficulty.

We have again carefully considered each of these matters and find no error in any of them.

Appellant presents a bill to the language of the prosecuting attorney in his closing argument to the jury. The court approved the bill with the qualification that appellant's attorney stepped up to him when such argument of the district attorney was made, and said privately to him that he excepted to the remarks, but did not request, either verbally or in writing, any instructions to the jury that they not consider said remarks. This matter has been passed upon by 'this court so 'frequently as not to need citation of authorities.

This disposing of all of the appellant's contentions before this court, his motion for rehearing is accordingly overruled.

*Overruled.*