FRANK AISTROP v. THE STATE.

*No. 85.  Decided January 18.*

1. **Murder — Statement of Facts — Diligence.** —On the day of the adjournment of the court, which was nineteen days after the motion for new trial had been overruled, and notice of appeal given by defendant, who had been convicted of murder in the second degree, his counsel presented to the district attorney his statement of the facts, but at too late an hour to admit of inspection and agreement by that officer during the term. Defendant's counsel neither asked nor sought to obtain authority by order of the court, which he could have done, for the filing of a statement of facts within the time prescribed by law, subsequent to adjournment. *Held*, it is manifest that no diligence was used, and defendant has no ground to complain that he was deprived of his statement of facts.

2. **Objectionable Juror—Challenge of Same.**—A challenge of a juror because he is objectionable is wholly insufficient unless it states the grounds and causes for challenge. And the causes shown must be such as would likely affect his competency or his impartiality in the trial.

3. **Practice as to Objections to Evidence and Charge of the Court where there is no Statement of Facts.**—Where there is no statement of facts in the record on appeal, questions arising out of the alleged insufficiency of the evidence, as well as those relating to the charge of the court in its application of the law to the testimony, can not be considered or discussed.

APPEAL from the District Court of Dallas.  Tried below before Hon. R. E. BURKE.

This appeal is from a judgment of conviction for murder in the second degree, the punishment being fifteen years in the penitentiary.

There is no statement of facts in the case.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of fifteen years.

1. The conviction occurred on November 12, 1892, motion for new trial overruled on the 21st of the same month, and notice of appeal thereupon entered. The court adjourned for the term on December 10 thereafter. Under a rule of the court, Monday of each week was set apart for hearing and disposing of the motion docket. It was a rule of practice in the trial court, and so understood by defendant and counsel, that statements of fact in appealed cases were required to be prepared and filed during term time, and that time would not be allowed after adjournment of the term for that purpose, except in cases tried so late in the term that such

rule could not reasonably be complied with. In this case defendant presented no statement of facts to the judge, and there is therefore none in the record. Nineteen days after his motion for a new trial was overruled and notice of appeal entered, and on the day of adjournment, his attorney presented to opposing counsel a document prepared by himself, purporting to be a statement of the facts adduced on the trial, for his inspection and agreement. It is shown that this occurred too late to admit of such inspection and agreement during the term of court. Defendant now seeks a reversal of the judgment because of his failure to secure a statement of the facts. The reasons assigned are, first, the defendant expected his friends to raise the necessary funds to secure the testimony from the stenographer who took down same on the trial; and secondly, because the court failed to postpone adjournment a sufficient length of time to enable defendant to secure the necessary agreement of opposing counsel.

The statement was tendered opposing counsel the day the court expired by law. No order was sought or obtained authorizing the filing of the statement subsequent to adjournment. The record shows no diligence whatever, under the facts stated in the affidavits. On the contrary, it is manifest there was none used. Willson's Crim. Stats., secs. 2560–2562; Rev. Stats., art. 1377 et seq.; George v. The State, 25 Texas Ct. App., 229; Spencer v. The State, 25 Texas Ct. App., 585; Farris v. The State, 26 Texas Ct. App., 105.

2     Defendant exhausted his peremptory challenges on the juror Sneed after his objection to the juror for cause had been overruled. It is contended that an objectionable juror was then permitted to sit on the trial of the cause, over his objection and challenge. The grounds of objection and causes for challenge are not stated. "An objectionable juror, in the sense in which the term is used in this connection, means one against whom such causes for challenge exist as would likely affect his competency or his impartiality in the trial. Without some such showing, it is idle simply to say that a juror is objectionable." Hudson v. The State, 28 Texas Ct. App., 323; Rippey v. The State, 29 Texas Ct. App., 37.

The remaining questions arise out of the evidence, in regard to its alleged insufficiency to support the conviction, and the supposed defects in the charge of the court in its application of the law to the testimony adduced on the trial. Inasmuch as the evidence is not before us, these questions will not be discussed.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.