## JIM BELL v. THE STATE.

*No. 92. Decided February 4.*

**1. Practice—Statement of Facts—Diligence Requisite to Obtain.** Since the adoption of article 1379a of Sayles' Statutes, a party may, by the exercise of due diligence, obtain and have allowed a statement of facts in his case, even where an allowance for that purpose of ten days after adjournment for the term has expired, if his failure to file the same within that time was not due to his fault or laches, but was the result of causes beyond his control.

**2. Same.**—On a trial for assault with intent to murder, where defendant's counsel, appointed by the court, abandoned his case after conviction and moved to another county, and other counsel unacquainted with the facts were subsequently employed, and defendant, being illiterate, could not prepare a statement himself, and the county attorney and judge both, when applied to by said counsel, declined to make such statement of facts, stating that owing to lapse of time they had forgotten the names of witnesses and facts proved, *held*, the diligence shown was not sufficient; counsel should have obtained such a statement as their client could communicate, and should also have applied to the former counsel for a statement of the facts, and in case of refusal should further have invoked the power of the court to compel such counsel to furnish same.

**3. Case Distinguished.**—The case of Babb v. The State, 8 Texas Court of Appeals, 174, which supports a ruling different from that above announced, was decided before the adoption of article 1379a, Sayles' Civil Statutes.

**4. Charge of Court—When Error in Misstatement of Penalty is Harmless.**—On a trial for assault with intent to murder, where the accused was convicted of said offense. *held*, a misstatement by the court as to the penalty for the lesser offense of aggravated assault is harmless, and will not constitute reversible error.

APPEAL from the District Court of Dallas. Tried below before Hon. CHARLES FRED TUCKER.

On his trial in the court below, for an assault with intent to murder, appellant was convicted of said offense, and his punishment assessed at six years imprisonment in the penitentiary.

There is no statement of facts, and appellant's main insistance for reversal was based upon the fact that he had failed to get a statement of facts in his case.

*Bassett, Seay & Muse*, for appellant.—1. Defendant was entitled to a statement of facts, and the court erred in denying his request therefor. Willson's Crim. Stats., secs. 2560, 2561; Babb's case, 8 Texas Ct. App., 174.

2. The court erred in its charge, in that the penalty for aggravated assault and battery was erroneously and incorrectly stated. Bostic's case, 22 Texas Ct. App., 136; Gardenhire's case, 18 Texas Ct. App., 565; Howard's case, 18 Texas Ct. App., 348; Veal's case, 8 Texas Ct. App., 477; Blackwell's case, 30 Texas Ct. App., 419.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, Judge.—Appellant was convicted of assault with intent to murder, and sentenced to six years in the State penitentiary, from which judgment he appeals to this court.

There are two grounds upon which a reversal of this case is asked:

1. The defendant being convicted of assault with intent to murder, his counsel, who had been appointed by the court, declined to make a motion for a new trial, and moved to another county. Sometime afterward other counsel were employed in behalf of defendant, who made the motion for a new trial. It was overruled, and counsel being unacquainted with the facts, and the defendant being illiterate and unable to prepare the same, the court was requested to prepare, or make the county attorney who represented the State prepare, a statement. The court and county attorney both declined to do so, stating they were unable, on account of lapse of time, to remember the names of witnesses or facts proved. It appears the case was tried November 11, and on December 10 following the motion for new trial was made and overruled. The appellant asks that the judgment be reversed for the failure of the court to prepare or have prepared the statement of facts.

It may be conceded that the case of Babb v. The State, 8 Texas Court of Appeals, 174, strongly supports the position of the appellant. But the decision was made before the passage of the Act of March 8, 1887 (Sayles' Civil Statutes, article 1379a). Under said amendment, appellant is not restricted to the ten days that may be allowed by the court, but is entitled to such time as may be necessary to obtain the statement of facts, when the failure to do so sooner was the result of causes beyond his control, and there was no want of diligence on his part. Counsel can not therefore claim that the adjournment of court prevented their getting up a statement. Conceding that the counsel who came into the case were unacquainted with the facts and the witnesses who testified thereto, that the attorney who tried the case had removed to Granbury, and the appellant was illiterate and did not know how to "prepare a statement of facts," we can not see how such facts will excuse counsel for appellant in failing to obtain such a statement of the testimony as could be communicated by their client, and also in applying to former counsel for a statement of the facts, and in case of refusal, of invoking the power of the court to compel said counsel to furnish same. Counsel for appellant asked for no time, and seemed to have done nothing more than to demand that the court and the prosecuting officer should prepare a statement of facts for them. We think they should have taken the initiative in obtaining the said statement before calling upon the court. While there may be cases in which it would be the duty of the court to see that

a statement of facts was made and filed, we do not think the present case comes within that category, and the court did not err in refusing to make said statement of facts, there being no diligence whatever shown on the part of appellant in obtaining the same. George's case, 25 Texas Ct. App., 244.

2. Appellant asks a reversal of the case upon the ground that the court erred in instructing the jury as to the penalty in aggravated assault and battery, which they were told was not less than $25 nor more than $1000, or by confinement in the county jail not less than one month nor more than two years. The court omitted to add the words, "or by both such fine and imprisonment." In defining the offense of aggravated assault and battery, the court correctly set out the punishment, but the omission occurred in applying the law to the facts.

This court has repeatedly held that a mistake in stating the penalty in the offense for which the appellant is tried and convicted is ground for reversal, though the mistake be for benefit of appellant (see cases cited below); but such a rule could hardly obtain for error in a lesser degree. To have convicted the defendant of an assault with intent to murder, the jury had to find that the assault was maliciously made with the specific intent to kill; and if so, the offense could not have been an aggravated assault and battery, and an error in the charge on that degree could in no way have affected the rights of appellant. Bostic's case, 22 Texas Ct. App., 136; Gardenhire's case, 18 Texas Ct. App., 565; Howard's case, Id., 351; Blackwell's case, 30 Texas Ct. App., 419; Wilson's case, 14 Texas Ct. App., 524; Cohen's case, 11 Texas Ct. App., 337; Buford's case, 44 Texas, 525. Judgment affirmed.

*Affirmed.*

Judges all present and concurring.