SAM MONK v. THE STATE.

No. 1545.  Decided February 2, 1898.

**1. Statement of Facts—Ten Days for Filing—Diligence.**

Where the defendant procured an order for a filing of the statement of facts within ten days after adjournment, and court adjourned on the 11th of September, but defendant did not mail the statement to the judge, who was holding another term in another county eighty miles distant, until on the morning of the 21st of September, and the judge was sick and unable to correct or make out a new statement so that it could be returned and filed in time; Held, an utter want of diligence on the part of appellant is shown, and the statement will not be considered.

**2. Same.**

In order to authorize a consideration of a statement of facts, under an order allowing ten days after adjournment for its filing, the defendant must show the use of all diligence within his power to obtain and file said statement within the time.

APPEAL from the District Court of Bell. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction for horse theft; penalty, two years' imprisonment in the penitentiary.

No statement of facts.

*McMahon & McMahon* and *Pearce & Felts* filed a motion and argument for rehearing.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for horse theft; punshment assessed at two years confinement in the penitentiary.

The only error assigned is the sufficiency of the evidence to support the conviction. The purported statement of facts in the record can not be considered. The certificate of the judge is in the following language: "I certify that the cause mentioned in the attached statement of facts was tried in the District Court of Bell County on the 24th day of August, 1897, and court adjourned for the term on the 11th day of September, 1897. On the 13th day of September, I opened court at Goldthwaite, in Mills County, eighty miles distant from Bell. I was sick and unable to hold court in Mills County for several days; and when the attached statement was received by mail from defendant's attorney, on the evening of September 20th, I was physically unable to either correct it or make out a new statement. The district attorney refused to agree to this statement, and in my then condition I was not sufficiently sure of my memory to feel warranted in approving the statement as it stood. In order to have had the statement filed within the ten days after the adjournment, it would have been necessary to get the statement off on the early train the next morning after its receipt by me, to wit, on the morning of the 21st, and this I could not do." This was signed by the district judge, who refused to approve the statement of facts. This statement of facts can not be considered. By this certificate it was shown that, on the ninth day after the adjournment of court, the statement of facts was sent to the trial judge through the mail, a distance of eighty miles. This shows an utter want of diligence on the part of the appellant. In order to authorize a consideration of the statement of facts under this character of case, the defendant must show the use of all diligence within his power to obtain the same. And if this has not been done, under the statute, the statement of facts will not be considered. The statement of facts could have been prepared at an earlier day and placed in the hands of the judge. The absence of the judge, the distance, and the chance to get said statement back through the mails, show an utter want of diligence.

There being no error in the record relied upon outside of the insufficiency of the evidence to support the conviction, and the statement of facts being in such condition as not to be considered, the judgment will be affirmed; and it is so ordered.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed February 16, 1898, was overruled without a written opinion.—Reporter.]