## Major Dennis v. The State.

### No. 2021. Decided October 18, 1899.

**1. Statement of Facts—Diligence—Practice on Appeal.**

Where time is allowed after adjournment of court in which to prepare and file a statement of facts it is incumbent on defendant to show to the court on appeal that he used all the diligence necessary to obtain said statement within the time allowed and that he has been guilty of no negligence. He must show that his failure to secure said statement within the time was the result of causes beyond his and his attorney's control. See facts stated in the opinion held to show a want of the necessary diligence.

**2. Absence of Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts the court on appeal can not review the sufficiency of the evidence and omissions in the charge of the court, which are complained of in the motion for new trial.

Appeal from the District Court of Jackson. Tried below before Hon. Wells Thompson.

Appeal from a conviction of horse-theft; penalty, five years imprisonment in the penitentiary.

The statement of facts was not considered on this appeal because not filed in time, and the motion of the Assistant Attorney-General in this regard was sustained.

*O. S. York,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for horse-theft. The statement of facts was not filed within time to be considered. The judge signing the statement of facts certifies that same was mailed to him from Edna on June 8th, directed to his postoffice, at Coltersville, and was received by him on the 11th. The statement was approved by him on the 11th, the day upon which it was received, and returned by mail to the clerk, who fied it on the 13th. Court adjourned on June 2d, and ten days were allowed in which to prepare a statement of facts. The agreement to the statement of facts by counsel was dated June 7th. So we have the diligence in this form: An agreement to the statement of facts on June 7th; mailed on the 8th at Edna, in Jackson County; received by trial judge at his home, in a distant county, on the 11th; signed by him the same day, and returned by mail to the clerk at Edna; and filed by the clerk on the 13th. The statement of facts is a very short one, covering about four pages of the transcript. Where time is allowed after adjournment of court in which to prepare a statement of facts, it is incumbent upon the appellant to show to the satisfaction of this court that he used all the diligence necessary to obtain a statement of facts within the time allowed, and that he is guilty of no negligence. He must exclude the idea that such failure to file the statement is his fault or negligence, and show that this failure is the

result of causes beyond his and his attorney's control. The statement of facts could have been prepared at an earlier day; it could have been placed in the judge's hands in ample time to have been returned to the clerk within ten days from filing; and it is not a sufficient showing of diligence that the parties relied upon the mail. In mailing a statement of facts to the judge, the party takes the chances, of course, of its being returned in time. They do not undertake to show in this case any diligence. They were aware of the fact that the statement of facts was filed after the expiration of the ten days. They were further aware of the statement of the judge in signing the same. And it comes before us in this attitude. As before stated, under all the authorities, so far as we are aware, this is not diligence. Monk v. State, 38 Texas Crim. Rep., 602; Suit v. State, 30 Texas Crim. App., 322; Bell v. State, 31 Texas Crim. Rep., 521; Farris v. State, 26 Texas Crim. App., 105; Spencer v. State, 25 Texas Crim. App., 586; Childers v. State, 36 Texas Crim. Rep., 128; Bryant v. State, 35 Texas Crim. Rep., 400; George v. State, 25 Texas Crim. App., 229. See also Proctor v. Wilcox, 58 Texas, 219. The statement of facts can not, therefore, be considered.

The three grounds of the motion for new trial (there being no assignment of error) are based upon matters growing out of the testimony: (1) That the evidence is insufficient; (2) the court failed to charge the jury with reference to the law of principals and accomplices, and the weight to be attached to their testimony; and (3) the issue of accomplice testimony was not charged upon. These matters can not be reviewed in the absence of a statement of facts. The judgment is affirmed.

*Affirmed.*