John Walker v. The State.

*No. 3176. Decided December 20, 1905.*

**Murder—Statement of Facts—Bill of Exceptions—Want of Diligence.**

It is well settled by many authorities of this court that the appellant or his counsel cannot rely upon the failure of the district attorney to review a statement of fact and to agree or disagree to the same, and where there was a twenty day order after adjournment to file a statement of facts, and the counsel used about fifteen days, or waited about fifteen days, before he handed the statement of facts to the district attorney, and the same was not handed to the judge until the morning of the last day in which they were to be filed, and were then sent by mail by the judge to the county where they were to be filed, but did not reach the clerk until after the twenty days had expired, etc., there was not sufficient diligence. See opinion for facts showing the want of diligence of appellant and his counsel to prepare statement of facts and bills of exception within time.

Appeal from the District Court of McCulloch. Tried below before Hon. John W. Goodman.

Appeal from a conviction of murder in first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Jenkins & McCartney,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the first degree, with life imprisonment in the penitentiary fixed as the penalty.

As a preliminary question, motion is made to affirm the case without a consideration of the facts. Counter motion is filed to reverse and remand for want of the evidence and bills of exception; or if this is refused then to consider the facts and bills of exception on showing as to diligence to have same filed in time. The evidence in this connection shows, that the court in McCulloch County adjourned on May 20th. The motion for new trial was overruled on May 19th, and on the same day, an order was entered granting twenty days after the adjournment of the term in which to prepare and file statement of facts and bills of exception. The presiding judge opened his term of court in Brown County on May 22nd. It is shown that C. H. Jenkins, one of appellant's counsel, was employed specially to look after preparing the record for appeal. Mr. McCartney was Mr. Jenkins' partner; and there were several other attorneys engaged in the defense. That on the 22nd, 23rd, 24th and 25th of May, said Jenkins was actively and continuously engaged in the trial of cases in the District Court of Brown County, as he was also on May 30, 31 and June 1. This statement is borne out by the certificate of the district clerk of Brown County. The affidavit of said Jenkins shows that he was busily engaged in the trial of said cases, and in consultation with his clients and witnesses and co-counsel in other cases from May 22nd to June 6th, and also in the preparation of the record in this case and working on the same for several nights within said time. He states that on June 5th, he delivered to the district attorney the bills of exception, except the one relating to the change of venue, and requested him to at once examine, and either agree or disagree thereto, and submit his objections in writing to the district judge, together with said bills; and the district attorney agreed to do so; that he immediately notified the judge of the court of this action on his part in handing the bills to and the agreement with the district attorney. That on the following day, June 6th, he delivered to said district attorney the statement of facts and requested him to examine, either to approve the same or prepare statement of facts of his own, and deliver them to the district judge, and that the district attorney agreed to do this. This action on his part was called to the attention of the district judge; that the district attorney was at this time at his office in the courthouse, in Brownwood, Brown County, and remained there during all of said week, and Judge Goodwin was engaged in holding court in said courthouse. That on the evening of the 6th of June, he called on the district attorney, and asked if he had examined the bills of exception and statement of facts, and whether he was ready to deliver them to the court; that the district attorney was then engaged in writing on a typewriter, and replied that he had read over the bills, and was then preparing his objections, and would, as soon as possible, deliver such bills and his objections to the statement of facts,

if any, to the judge; that affiant then went immediately to the district judge and informed him of this statement of the district attorney. That on the 7th of June he inquired of the judge if the district attorney had delivered the records to him, and was informed that he had not. That he (Jenkins) immediately hunted up the district attorney, and asked him if he was ready to deliver said statement of facts and bills to the court; that said district attorney informed him (Jenkins) that he had not prepared his objections, but would do so at once, and deliver them to the judge. That on the morning of June 8th, he went to the office of the district attorney, in regard to the matter, and did not find him in his office; that on that afternoon he went to the office of the district attorney again, and did not find him, and again inquired of the court if the records had been delivered to him, and whether he was ready to deliver the same to affiant. The judge informed affiant that he had received the statement and bills from the district attorney, but had not had time to examine them. That on the 9th, Jenkins again went to the judge and requested him to deliver the statement of facts and bills of exception to him for the purpose of sending them to Brady to be filed in the cause; and the court informed him he had not had time to examine them, as the district attorney had failed to agree. That he then called on the district judge on the 9th, before the train started to Brady, and in time to have sent the same on the train. He further states that the district attorney did not point out to affiant any objection to the bills of exception or statement of facts, and made no effort to agree with affiant either as to the statement of facts or bills of exception; that they were never delivered by the district attorney to the affiant, but were delivered by him to the district judge on Thursday morning, June 8th, as affiant was informed by the court.

The district judge files a certificate, in which he states that the district attorney did deliver these papers to him at the date stated in his (the judge's) certificate to the statement of facts and bills of exception, with the exception of the bill of exceptions to the change of venue, which seems to pass out for want of any attempt at diligence. The clerk of Brown County certifies that the court began on May 22nd; that the trial in the case of State v. Alacorn, charged with murder, began on the 22nd and concluded on the 24th; that State v. Herbert began on May 24th and concluded on the 25th; that Lewis v. Railway, began on May 30th, and concluded on June 1; Thompson v. Railway, began on June 1, and concluded on June 3rd; that Jenkins was of counsel and participated in the trial of each of said cases. The certificate of the judge to the bills of exception and statements of facts is, as follows: "Approved June 11, 1905, with this explanation as to delay: This, together with all the bills in the case and the statement of facts, were handed me at 9:15 o'clock a. m., June 8, 1905, which statement from the district attorney that he could not agree to the same. At the time they were handed to me, I was on the bench engaged in the trial of a contested jury case, and continued engaged in such trial until 6 p. m.

June 10, 1905, and could not go over and pass on said papers in time to get the same off on the train leaving Brownwood for Brady at 8:30 o'clock a. m., June 9, 1905: the same being the first and only train leaving for Brady after the papers were delivered to me, upon which they could have gone in time to have been filed within the twenty days, there being but one train a day between said points. (Signed) John W. Goodwin, judge of the 35th judicial district." This is practically the case as to diligence.

We do not believe this is sufficient diligence. George v. State, 25 Texas Crim. App., 229; Aistrop v. State, 31 Texas Crim. Rep., 467, 20 S. W. Rep., 989; Hutchins v. State, 33 Texas Crim. Rep., 298, 26 S. W. Rep., 399; Yungman v. State, 35 Texas Crim. Rep., 80, 31 S. W. Rep., 664; Bryant v. State, 35 Texas Crim. Rep., 394, 36 S. W. Rep., 79; Powell v. State, 24 S. W. Rep., 515; Jefferson v. State, 22 S. W. Rep., 148; Woods v. State, 25 S. W. Rep., 968; Woods v. State, 31 S. W. Rep., 666; Zamora v. State, 33 S. W. Rep., 125; Bracy v. State, 49 S. W. Rep., 598; Dennis v. State, 53 S. W. Rep., 111; Bailey v. State, 53 S. W. Rep., 117; Cannon v. State, 56 S. W. Rep., 351; Stanford v. State, 60 S. W. Rep., 253, 1 Texas Ct. Rep., 282; and Adams v. State, 60 S. W. Rep., 255, 1 Texas Ct. Rep., 281. The rule is laid down in the George case that, in order to be diligence the party tendering these papers shall show that he has used due diligence to procure the signature and approval of the judge thereto, and to file the same within the time prescribed, to wit: in term time, or within ten days after adjournment (which under our present law can be extended to twenty days); and that his failure to file the same in said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control. Otherwise such papers will not be permitted to remain as a part of the record, and be considered on appeal. In Dennis v. State, 53 S. W. Rep., 111, it is stated, "The statement of facts could have been prepared at an earlier date, and it could have been placed in the judge's hand in ample time to have been returned to the clerk within ten days for filing. It is not a sufficient showing of diligence that the parties relied upon the mail. In mailing a statement of facts to the judge, the party takes the chances, of course, of it being returned in time. They do not undertake to show in this case any diligence. They were aware of the fact that the statement of facts was filed after the expiration of the ten days. They were further aware of the statement of the judge in signing the same; and it comes before us in this attitude; and as before stated, under all the authorities, so far as we are aware, this is not diligence." It is further stated: "Where time is allowed after adjournment of court in which to prepare statement of facts, it is incumbent on the appellant to show to the satisfaction of this court that he used all the diligence necessary to obtain a statement of facts within the time allowed, and that he is guilty of no negligence he must exclude the idea that such failure to file the statement is his fault or negligence,

and show that this failure is the result of causes beyond his or his attorneys' control." In Spurlock's case, 8 Texas Ct. Rep., 814, it is held, "Here it appears that the judge waited on the appellant's counsel until the last day, and then forwarded the statement of facts approved by him by mail. If appellant himself, under the circumstances had previously applied to the judge and made some request of him in regard to the statement to give it to him in time, in order that he might have it filed in Throckmorton County, before the expiration of the ten days, and the judge had failed to do so, but mailed the statement, then the fault might have been with the judge. We do not believe, under the authorities we can consider the statement of facts as a part of the record in the case." Citing Monk v. State, 38 Texas Crim. Rep., 602; Crawford v. State, 44 S. W. Rep., 1088. The last two cases just cited are very much in point.

It is well settled by many of the authorities cited supra, that the appellant or his counsel cannot rely upon the failure of the district attorney to review a statement of facts and to agree or disagree. In Crawford's case, diligence attached upon overruling the motion for new trial. The motion for new trial was overruled on the 19th, and the order entered; court adjourned on the 20th. The statement of facts and bills of exception were not handed to the trial judge until the morning of the nineteenth day. The court was busy trying a case, and it was incumbent on him to give his attention to the pending cases then in his court, and he was not called upon to adjourn the court to devote his entire time to reviewing and making up statement of facts and bills of exception in this particular case to the exclusion of all other business. These bills were not presented to the district attorney until the 5th of June, and the statement of facts on the 6th, when they had to be filed in another county by midnight of June 9th. They were not handed to the judge until the morning of the ninth day. While we commend the diligence of counsel for attending to cases pending in Brown County, yet it was incumbent on him to give more attention to this case, because the statute requires the use of all diligence, and that there must be no laches on his part in preparing and having filed such papers. Under the showing made by appellant, about fifteen days had been occupied in preparing these bills of exception and statement of facts, and it was expected of the district attorney to look over them, and if he disagreed to re-write or prepare others, which would leave only five days for him to do the work which had occupied appellant's counsel fifteen to sixteen days. When the district attorney had finished his work upon the documents, they were still to be revised by the district judge. There remained less than twenty-four hours after the judge received them, to revise and get them off, in order to reach their destination within the twenty days. There were several other attorneys in this case, besides Mr. Jenkins, and while it is shown that he was specially expected to prepare these bills, it would become incumbent on him to use extraordinary diligence in doing so. It is not shown that

his partner did not engage in the trial of the other cases, or was in no way prepared to make up this record. The statement is, that he (Jenkins) was specially expected to do it. We do not believe the Cannon case, supra, is in point. There an agreed statement of facts was handed the judge in time to have filed it. The judge to whom the statement of facts was given was in the county seat of the county where the case was tried at the time the statement was handed him. We do not believe that the diligence comes within the authorities, or within the statutes allowing time after adjournment of the court in which to file the same. We therefore hold that the statement of facts and bills of exception cannot be considered.

With these eliminated there is no question for this court to consider. All of the questions suggested for revision are dependent upon the bills of exception and statement of facts. These having passed out under the view we have taken, and above expressed, these questions will not be revised. However, we have inspected the record on the questions involved, and do not believe, even with the bills of exception and statement of facts considered by this court, there is any reason shown why this judgment should be reversed. The judgment is accordingly affirmed.

*Affirmed.*