## Mack Laws v. The State.

No. 2841.   Decided December 10, 1913.

Rehearing denied March 18, 1914.

**1.—Aggravated Assault—Statement of Facts—Bills of Exception.**

Where, upon appeal from a conviction of aggravated assault, the purported statement of facts and bills of exception were not filed in the court below, they could not be considered on appeal.

**2.—Same—Want of Diligence.**

Where, upon appeal from a conviction of aggravated assault, the purported statement of facts and bills of exception were not filed in time in the court below, they can not be considered on appeal, no sufficient showing being made that appellant and his counsel had used such diligence as is required by law. Following Jones v. State, 163 S. W. Rep., 75, and other cases.

Appeal from the County Court of Fort Bend.   Tried below before the Hon. W. I. McFarlane.

Appeal from a conviction of aggravated assault; penalty, a fine of $200. The opinion states the case.

*J. C. Florea,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—From a conviction of aggravated assault with a fine of $200 appellant prosecutes this appeal.

There is in the record what purports to be a statement of facts and

some bills of exception, but neither of them show to have been filed in the lower court. The Assistant Attorney-General on that account makes the point that they can not be considered, which is correct. There is no question raised by the motion for new trial which can be reviewed without a statement of facts, or bills of exception.

The judgment is, therefore, affirmed.

*Affirmed.*

### ON REHEARING.

March 18, 1914.

PRENDERGAST, PRESIDING JUDGE.—At a former day of this term this cause was affirmed, as what purported to be a statement of facts and bills of exception were not filed in the court below and could not be considered.

Appellant has made a motion for rehearing and accompanies it with some affidavits seeking to have his bills of exception and statement of facts considered. These affidavits show, in substance, that the following week after the court adjourned on August 16, 1913, he prepared a statement of facts and bills of exceptions and went to the county attorney's office to submit them to him, made several trips for that purpose, but found on inquiry that the county attorney was absent in either Houston or Galveston. The affidavits do not in any way show that he attempted to communicate with him at either of these points nor do the affidavits show when he returned. When he couldn't find the county attorney, he took the papers to the county judge and asked him to act upon them, but the county judge declined to do so until the county attorney had passed on them. It is further shown that on the nineteenth day after adjournment of court, he did see the county attorney and asked him to then pass upon his statement of facts and bills of exception, but the county attorney claimed that he was busy and could not do it that day, but would take them up later. He at that time left these papers with the county attorney. He did not then again present them to the county judge and they were not presented to the county judge for any action again until September 12, 1913. It appears that they were on that day and not before, signed, agreed to and filed. This was on the twenty-seventh day after the adjournment of court. Under the uniform holding of this court, this does not show such diligence as is required by the statute and the decisions. Under the law we can not consider these papers. Jones v. State, 163 S. W. Rep., 75; Bryant v. State, 35 Texas Crim. Rep., 394; Bell v. State, 31 Texas·Crim. Rep., 521; Gowan v. State, 73 Texas Crim. Rep., 222 recently decided but not yet reported; Riojas v. State, 36 Texas Crim. Rep., 182;-Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222. It is needless to cite the many other cases to the same effect. The motion for rehearing is overruled.

*Overruled.*