### N. GOWAN, ALIAS BISSO GOWAN, v. THE STATE.

No. 2964.   Decided February 4, 1914.

Rehearing denied March 11, 1914.

**1.—Murder—Transcript—Ninety Days.**

The law requires that the transcript be filed in this court within ninety days from the adjournment of the trial court, or if the term lasts more than eight weeks, within ninety days from the overruling of the motion for a new trial.

**2.—Same—Filing of Bills of Exception—Antedating.**

Neither the trial judge nor any other person has authority or power to authorize the antedating of bills of exception and statement of facts, and where it was shown to this court that this had been done, such papers can not be considered on appeal. Following Bryant v. State, 35 Texas Crim. Rep., 394, and other cases.

**3.—Same—Statement of Facts—Filing.**

Where it was shown to this court that the statement of facts was not in fact filed within the ninety days after adjournment of the trial court, etc., and that it was not presented to the district attorney or the court for approval within time, and that the same bore a false date of filing, the same can not be considered on appeal.

**4.—Same—Jury and Jury Law—Incompetency of Juror.**

Where the trial court, in overruling a motion for new trial, stated he heard and considered the evidence on the ground of the incompetency of one of the jurors, and there was no evidence before this court, it must be presumed that the trial court did not abuse his discretion in finding that the juror was qualified

at the time of the trial. Following Jordan v. State, 10 Texas, 480, and other cases.

### 5.—Same—Admonition to Trial Judges—Officers of Court.

Trial judges and prosecuting officers are admonished not to authorize statement of facts and bills of exception to be filed back as of date within the time; such is a violation of law as it is written and simply results in the delay of criminal cases.

### 6.—Same—Statement of Facts and Bills of Exception.

Where it is shown by evidence in this court that the purported statement of facts and bills of exception were not prepared and presented in the trial court in the time allowed by law, appellant must suffer the consequences of his own negligence, and the case must be affirmed.

### 7.—Same—Dereliction of Clerk—Delay in Filing Transcript.

Where it was shown to this court that the clerk of the court below was serving his first term of office and was acting under the instructions of the trial judge in antedating the filing of the statement of facts and bills of exception and in the delay in sending the transcript to this court, he will be discharged with the payment of the costs incident to the proceeding.

### 8.—Same—Practice on Appeal.

Where appellant, by his negligence, was not entitled to have his case reviewed, but this court, nevertheless, did so, and found that the conviction of murder in the second degree is amply sustained by the evidence, the judgment is affirmed.

### 9.—Same—Bills of Exception—Want of Diligence.

Where appellant and his counsel admitted that they did not deliver the bills of exception to the trial judge until about six months after the trial, they can not complain that this court will not consider them. Following Riojas v. State, 36 Texas Crim. Rep., 182, and other cases.

### 10.—Same—Bills of Exception—Duty of Defendant.

It is made the imperative duty of appellant to see that his bills of exception are filed within the time fixed by law, as this court must be bound by the law and he must not only deliver the bills to the trial judge, but follow them up and have them acted on and filed, and unless this is done they will not be considered on appeal.

### 11.—Same—Statement of Facts—Agreement—Antedating.

Where it is manifest from the record on appeal that the statement of facts was not presented to the trial judge for his approval until more than one hundred days had elapsed after the adjournment of the trial court for the term, the same can not be considered on appeal, and counsel can not by agreement abrogate the law and antedate the filing of such statement of facts or bills of exception, and the question as to whether this court considered the record in other cases where it deemed it proper and before notice was published in the daily press notifying all the clerks that the transcript must be promptly forwarded, this presents no cause for leniency for ignoring the plain letter of the law; besides, such antedating in other cases was not called to the attention of this court.

Appeal from the District Court of Navarro. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of murder in the second degree; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Callicutt,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was tried in the District Court of Navarro County, beginning on the 30th day of September, 1912, and ending on the 21st day of December, 1912, during which term the motion for a new trial was overruled. The transcript was not filed in this court until the 15th day of December, 1913, about a year from the adjournment of the court of the. term at which he was tried, and more than a year from the date on which his trial occurred, the record showing that he was tried November 21, 1912. The law requires that those records be filed in this court within ninety days from the adjournment of court, or if the term lasts more than eight weeks, within ninety days from the overruling of the motion for a new trial. The failure of the clerks to comply with this law has caused much complaint to be made about "delay in the disposition of criminal cases." A species of negligence had grown up in regard to forwarding transcripts, and in June of last year we had notices printed and mailed to each clerk that we would no longer countenance such negligence on their part, but would expect and require a compliance with the law by them. A letter was received from the clerk of the District Court of Navarro County, he writing in July that he had been unable to complete the record in this case because the bills of exception had not been filed, and that he would forward same as soon as he could get the bills. He was notified to send a transcript of the proceedings as was then properly filed and of the record in his office, but he did not do so. In December, 1913, the court's attention being called to the fact that a year had elapsed and still the record not forwarded to this court, we ordered citation to issue commanding him to file the transcript in this case, and appear and show cause why he had not filed same within the time required by law. When the transcript was filed in this court on the 16th day of last December, the bills of exception showed to have been filed in the trial court on February 14, 1913, ten months prior to the time the record was filed in this court. We gave the clerk an opportunity to explain this matter, and the contradiction between these file marks and his letter written in July of last year. He was sworn and testified that the bills of exception were not in fact filed in his office until the 10th day of December, 1913, more than a year after the trial of the case, but under the direction of the judge of the trial court he had ante-dated their filing, and placed the file mark as of date February 14th by direction of the trial judge. It has been frequently held by this court that the trial judge or any other person has no authority or power to authorize the ante-dating of bills of exception, and statement of facts. In the case of Bryant v. State, 35 Texas Crim. Rep., 394, in an opinion by Judge Hurt, it was held: "This court,

on appeal, will, whenever necessary, go behind the file marks appearing upon a statement of facts or bills of exception, in order to ascertain and determine whether the said statement of facts and bills of exception were in fact legally filed, following Spencer v. State, 34 Texas Crim. Rep., 238. And what the district judge or district attorney may have said or done, with reference to filing the statement of facts back within the time allowed by law, can not avail to exonerate the appellant from the use of diligence before expiration of the time allowed by law." This has always been the rule of law, and it next became necessary to determine whether or not it was the fault of counsel for the appellant that those papers had not been filed properly. The testimony of the clerk shows clearly that they had not been filed within the time allowed by law—in fact not filed within twelve months after the trial. Mr. Johnson, of counsel for the State, then testified that these bills of exception were not presented to him nor the trial judge until in May, 1913, for their consideration and approval, whereas at the furthest appellant was not allowed longer time than March 18, 1913, in which to prepare them, secure their approval, and have them filed. Under such circumstances the bills of exception under the law can not be considered.

As to the statement of facts, while it shows to have been filed on January 2, 1913, yet the certificate of the stenographer shows it was not made out and certified to by him until March 7, 1913,—more than two months after the filing date. Of course, it was impossible for the statement of facts to have been filed before it was made out by the stenographer. But it was certified to on March 7th, this allowed time to present it to the district attorney and trial judge and have it filed within the time allowed by law—ninety days—or March 18th, yet the clerk testifies on oath that same was not in fact filed within the ninety days, and Mr. Johnson says it was not presented to him within that time for his consideration, nor presented to the court for approval until after he had considered same and agreed thereto. So it too bears a false date of filing, and was not in fact filed within the time permitted by law, and must be stricken from the record. And in the absence of a statement of facts and bills of exception there is no ground in the motion for a new trial we can review.

There is a ground in the motion alleging the incompetency of one of the jurors, which fact was unknown to appellant until after the trial of the case, which ground is supported by the affidavit of appellant and two of his counsel. However, in overruling the motion for a new trial the court states he heard and considered the evidence on this ground of the motion, and overrules it, and with no evidence before us must conclude that the court did not abuse his discretion in finding that the juror was a qualified juror at the time of this trial. In the case of Jordan v. State, 10 Texas, 480, it was held: "In considering the motion, the court may judge, not only of the competency, but of the effect of evidence. There may be cases where the court might well grant a new

trial, if, in the opinion of the presiding judge, injustice had been done; while, at the same time, should a new trial be refused, this court would not be warranted in reversing the judgment. The judge who presides at the trial is afforded much better and more ample means of judging of the merits of the application than the reviewing court can be. And, therefore, it is the governing rule of the action of this court, affirmed and enforced by repeated decisions, from the earliest cases upon the subject to the present time, not to reverse the judgment of the District Court refusing a new trial, unless some principle of law has been violated, misconceived or disregarded, to the prejudice of the party, or there is good reason to apprehend that injustice has been done in refusing the application. Though the District Court, in its discretion, upon the application of the accused, might have granted a new trial, if, from the evidence and circumstances of the case, as they were apparent to the presiding judge, in his opinion, the ends of substantial justice required it; yet, from anything before us in the record, we can not say that any principle or rule of law has been infringed or injustice done." So it can be readily seen that when the trial court heard testimony on the issue before him, and it is not brought up in the record in a way we can review it, we must presume the trial court ruled correctly. In the case of Sharp v. State, 6 Texas Crim. App., 650, this court said: "When matters of fact are involved in the rulings of the court below, such rulings will not be revised on appeal by this court unless the facts are substantiated by proper bills of exception. Statements in a motion for a new trial will not suffice"; citing Marshall v. State, 5 Texas Crim. App., 273; Code of Criminal Procedure, article 606.

It would perhaps be proper for us to state that the prosecuting officers and trial judges are not antagonistic to the bills of exception and statement of facts being considered—in fact the trial judge ordered them filed back as of date within the time. But this action was unauthorized by law,—in strict violation of it, and we hope no other judge will take such action. If those who are to administer the law, do not obey its mandates but connive at an evasion of it, in what position are they then to see that others who violate the law are made to suffer for their misdeeds? In this instance this prisoner has been compelled to remain in jail for twelve months, when, if he was entitled to have his case reversed, he ought to have been placed in position to have gained his liberty some nine months ago by giving bond. The county has been compelled to support him for twelve months, when, if his case should have been affirmed, he ought to have been in the penitentiary for the past nine months, earning his own living by labor instead of lying idle in jail, being fed and clothed by the people of Navarro County. Again, after this long lapse of time, had it been necessary to reverse the case, the chances are that many of the witnesses would now be unobtainable, or if obtainable, at a much greater cost to the State. These and other considerations, and the fact that the law is thus written should be sufficient for all officials to see that the law is complied with, and in this

way, and this way only, can we hope to prevent delay in criminal cases. If you can take twelve months to file bills of exception and the transcript in this court, then you can take two years, or three years, and if we once go beyond the time fixed by law, then there is no end to the time that may be taken.

We have inquired into this delay of filing the bills of exception and statement of facts closely, for if this delay had been the fault of the officers representing the State, we had intended to reverse the case, and let this be a lesson to prosecuting attorneys and officials. But as the evidence shows that the statement of facts and bills of exception were not prepared and presented to the court in the time allowed by law, appellant must suffer the consequences of his own negligence.

Another matter: we had the clerk before us. He shows that this is his first term of office, and he was acting under the instructions of the trial judge. We thought at first of assessing against him a heavy penalty, because the authority of the trial judge would not authorize him to ignore the law, but taking everything into consideration, and his manifest sincerity and frankness in stating the real facts on examination, we have concluded to assess against him the cost of issuance and service of process in bringing him before this court. Upon the payment of the costs incident thereto he will be discharged.

While under the circumstances it was not incumbent upon us to read this record, yet we have done so, for we dislike to see an injustice done any man, even though by his negligence he was not entitled to have his case reviewed. After reading it, we are of the opinion that the evidence would not only justify the verdict herein rendered, but would have sustained a verdict of murder in the first degree, with the highest penalty known to the law assessed against him. The record reeks with facts tending strongly to show a wilful premeditated killing, while his victim was plowing in his field. That appellant went there for the purpose of slaying him, and did so, and he ought to feel thankful to his counsel for their able conduct of the case, and to the jury for the mercy shown in their verdict.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

March 11, 1914.

HARPER, JUDGE.—Appellant has filed a lengthy motion for rehearing in which he earnestly insists that his bills of exception should be considered. While he admits they were not filed for more than a year after the trial of the case, yet he says he prepared them in February prior thereto and notified the prosecuting officers that they were ready for their inspection. He then admits he held them until in May, when he for the first time delivered them to the trial judge and requested him to act thereon. This was about six months after the trial. In Riojas v. State, 36 Texas Crim. Rep., 182, this court, speaking through

Judge Henderson, said: "Appellant presents to this court a bill of exceptions to the admission of certain evidence, signed and approved by the judge and filed after the expiration of the term. Accompanying the bill is the following explanation by the judge: 'This bill of exceptions was handed me within the time prescribed by law, and during the term of court at which the case was tried, but was in some manner misplaced, and it is a fact that the exception to the admission of the testimony was reserved by the defendant, through his counsel, at the time of the admission of the same; and the clerk of the district court of Atascosa County is here now ordered to file the same as part of the record in this case, and transcribe same, making a certified copy of same, and all indorsements thereon, and forward same to Austin as a part of the transcript in said cause.' This bill can not be considered. While it seemingly was neglect on the part of the judge not to approve and file the bill of exceptions, it was the duty of counsel to follow up his bill, and see that it was approved by the judge during the term, and filed with the clerk. This is statutory. See, George v. State, 25 Texas Crim. App., 229; Exon v. State, 33 Texas Crim. Rep., 461." It is thus seen it is made the imperative duty of appellant to see that his bills of exception are filed within the time fixed by law. This is the law, and we are and should be bound thereby. It is seen in this case, it is held that even had appellant delivered the bills to the judge in time, it would still have been his duty to have followed them up and had them acted on and filed. In this case though it appears they were not delivered to the judge within time, and relied on the promise of an attorney that the law should be ignored and overridden. When this is called to our attention, we can not sanction nor permit it.

Again he says the statement of facts was made out on March 7th and sent to him, and a duplicate was sent to the district clerk, which was received on March 12th, but it is not contended that either had been agreed to by counsel or approved by the judge at that time, and it is manifest by the record and papers before us that the statement of facts was not presented to the judge for his approval until more than one hundred days had elapsed after the adjournment of court for the term. Had appellant been diligent when he received the statement of facts on March 12th, and secured an agreement from the prosecuting officers that it was correct, or if that officer declined to pass on it and then agree to it, had then delivered a copy of the statement of facts to the judge with the request that he approve same, or prepare a statement and file it, it could have been done in the time required by law, and he would then have done what the law required him to do. But he did not do this, but waited until after the time had elapsed in which he could file a statement of facts, and then presented it to the judge for his signature. Counsel can not by agreement abrogate the law, and we are not authorized to do so. No good reason is assigned, except that counsel had been busy. Counsel say that in the cases of S. P. Ward and Louis Walker, appealed from Navarro County, that the statement of facts and bills of

exception were antedated and yet they were considered, and because we considered the record in those cases we should do so in this case. Those two and a number of other cases from other counties, in which the filing of records in this court were unnecessarily delayed, caused us at the termination of the last term of this court, in last June, to make and enter an order stating that such negligence would no longer be tolerated. This notice was published in the daily press of this State, and the clerks of all the courts were promptly notified, and the clerk of the court in this case was notified in July of last year that this record must be forwarded, and counsel were notified of such action as the sworn testimony in this record discloses, and yet no attention was paid to the matter until some six months thereafter we notified the clerk that he would be fined if this record was not filed in this court, when the bills of exception were hurriedly filed and dated back. We are but enforcing the Code of Criminal Procedure as written, and we gave notice simply that all might know that the negligence that had grown up would no longer be tolerated, and yet counsel say although, after receiving notice that this court had entered such an order, they still ignored the law, because it had been done before the notice had been given, we should follow the policy of ignoring the law and let bills of exception and statement of facts be filed whenever it is convenient for it to be done, regardless of the law. The fact that in the Ward and Walker cases the statement of facts and bills of exception, if it was done, had been antedated, was not called to our attention, and it appeared that it was solely the negligence of the clerk that the records had not been forwarded to this court at the proper time, and for this reason they were considered. Had it been made to appear, as in this case, that they had been dated back, they would have been stricken out, as they are stricken out in this case.

The motion for rehearing is overruled.

*Overruled.*