SAM DEMARCO v. THE STATE.

No. 3320. Decided November 11, 1914.

Rehearing denied December 9, 1914.

**1.—Assault to Murder—Bill of Exceptions—Practice on Appeal.**

Where the term of court continues for more than eight weeks, the time in which bills of exception can be filed must be calculated from the date on which final sentence was passed, and where the bills of exception were not filed within time, they can not be considered on appeal.

**2.—Same—Bills of Exception—Filing Back.**

The trial court had no right to order the clerk to place on the bills of ex-

Vol. 75 Crim.-34

ception a· different file mark than that which they should have, or in filing
them back, and the clerk is to be commended for refusing to do so.

β.—Same—Bystander's Bill—Statement of Facts.

Where the appellant complained of the refusal of the trial judge in not
acting on his bills of exception, he should have· gone farther and proved them
up by a bystander's bill; however, if considered, they present no reversible
error, in the absence of a statement of facts.

Appeal from the Criminal District Court of Dallas. Tried below
before· the Hon. Robt. B. Seay.

Appeal from a conviction of assault to murder; penalty, four years
imprisonment in the penitentiary.

The opinion states the case.

*Puckett & Milliken,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—On question
of filing back: Riogas v. State, 36 Texas Crim. Rep., 182; Bryant v.
State, 35 Texas Crim. Rep., 394; Baldwin v. State, 39 id., 245; Bonner
v. State, 44 S. W. Rep., 172; Flores v. State, 53 S. W. Rep., 346.

HARPER, JUDGE.—Appellant was convicted of assault to murder,
and his punishment assessed at four years confinement in the State
penitentiary.

No statement of facts accompanies the record, consequently some
questions presented in the motion for new trial can not be ·reviewed.

The term of court at which appellant was tried continued more than
eight weeks, consequently the time in which bills of exception could be
filed must be calculated from the date on which final sentence was
passed. Sentence was pronounced in this case on June 6, 1914, conse-
quently the last day on which bills of exception could be filed was
September 4th. The bills that appear in the record were not filed until
September 26, 1914—twenty-two ·days after the time in which they
could have been filed under the law. Therefore, the motion of the
Assistant Attorney General to strike the bills of exception from the
record must be sustained.

The record before us discloses that the trial judge undertook to have
the clerk of the court file the bills of exception back, but this the clerk
refused to do, and we wish to commend him for refusing to do so, and
placing on the bills the date they really were filed. The trial court
has no right to order the clerk to place on the bills a different file mark
than that which they should bear. The laws are passed· to govern each
and every citizen of the State, and the trial judge who undertakes to
have the clerk of his court to place on the bills of exception a file mark
that does not speak the truth, is violating the law of his State, and the
clerk who has the moral courage to refuse to obey such instructions and
abide by the law is entitled to commendation. It may be that the trial
judge felt that he needed a vacation, but he should perform the duties
of his office first. The attorney for appellant may insist that as the

trial judge insisted on taking his vacation and would not act on his bills of exception until his vacation ended, that the bills ought to be considered. But the law gives him a remedy—to prove up his bills by bystanders. However, should we consider his bills, each and every one of which we have read, they are not full and complete enough to present any error in the absence of any statement of the evidence adduced on the trial. Neither they, nor either of them, present any error, therefore the judgment is affirmed.

*Affirmed.*

[Rehearing denied December 9, 1914.—Reporter.]