Tom McGee v. The State.

No. 3889. Decided January 12, 1916.

Rehearing denied February 2, 1916.

1.—Assault to Murder—Statement of Facts—Bills of Exception.

Where the statement of facts and bills of exception were not filed in the lower court until more than ninety days after notice of appeal was given (the court continuing in session for more than eight weeks), the same must be stricken out on motion of the State. Following Demarco v. State, 75 Texas Crim. Rep., 529, 178 S. W. Rep., 1024.

2.—Same—Motion for Rehearing—Affidavit—Want of Diligence—Statement of Facts.

Where appellant's motion for rehearing to which he attached an affidavit seeking to show diligence in having filed his statement of facts and bills of exception within the time allowed by law and the order of the court, showed such lack of diligence that under no authority this court could consider the same, the motion for rehearing must be overruled; however, if these papers were considered, there was no reversible error. Following Laws v. State, 73 Texas Crim. Rep., 286.

3.—Same—Trial Judge—Statement of Facts—Bills of Exception.

The judge who tried the case is the one who must approve the statement of facts and bills of exception, and where the regular judge of the district exchanged with another judge of another district who tried the case, the regu-

·lar judge could not approve these papers. Following Richardson v. State, 71 Texas Crim. Rep., 111.

Appeal from the District Court of Tarrant. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of assault with intent to murder; penalty, three and one-half years imprisonment in the penitentiary. ·

The opinion states the case.

*Walter A. Nelson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is an appeal from a conviction for an assault with intent to murder.

By law the term of court at which he was convicted could continue in session for more than eight weeks, and, as a matter of fact, as the record shows, was in session full three months. The court overruled his motion for a new trial on September 2, 1915, and then sentenced him, at which time he gave notice of appeal to this court; all of which was then duly entered. The statement of facts and bills of exception herein were not filed until more than ninety days after that time. Hence, the Assistant Attorney General's motion to strike out and not consider the bills of exceptions and statement of facts must be sustained. Demarco v. State, 75 Texas Crim. Rep., 529, 178 S. W. Rep., 1024. This has been held many times. There is nothing in the absence of these which can be reviewed.

The judgment is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

February 2, 1916.

PRENDERGAST, Presiding Judge.—Appellant's attorney files his affidavit accompanying his motion for rehearing, seeking to show diligence in having filed his statement of facts and bills of exception within the time allowed by law and the order of the court.

This affidavit in substance shows that Judge Oxford held one week of the term of Judge Swayne's court in Fort Worth, at which time this case was tried. It further shows that Judge Oxford left Fort Worth and went to his home immediately after the overruling of his motion for a new trial and his notice of appeal, etc. That, within ten days thereafter, he prepared his three bills of exception, and, within a very short time thereafter, ordered and requested the official stenographer to make out a statement of facts. The affidavit does not state when the statement of facts was made out. The statement of facts with the record contains not quite thirty-six pages in typewriting. Of course, we know, and everyone knows, that such a statement of facts could have been made out within a very few days.

The affidavit further shows that appellant awaited the return of Judge Swayne, showing that he was sick, out of the State and absent for several weeks thereafter. It seems from the affidavit that appellant's attorneys depended on getting his bills of exceptions and statement of facts approved by Judge Swayne. That, even after waiting these several weeks for Judge Swayne's return, he did not see him to get him to pass on these documents for some time after his return.

Under the law Judge Swayne, not having tried the case, could have approved neither the statement of facts nor bills of exception, under both the statute and the decisions. Richardson v. State, 71 Texas Crim. Rep., 111, 158 S. W. Rep., 517, and many other cases.

The affidavit further shows that it was not until some time after Judge Swayne's return, the time not definitely stated, that he even saw Judge Swayne and was told by him that as he had not tried the case he preferred that Judge Oxford act on these papers, or that he attempted to find Judge Oxford or get the papers to him.

The whole affidavit shows such a lack of diligence that, under no authority can we consider the statement of facts or bills of exception. There are a great many decisions of this court holding that, under such circumstances as shown herein, this court can not, and will not, consider either the statement of facts or bills of exception. We cite only a comparatively few of them. Turner v. State, 22 Texas Crim. App., 42; Henderson v. State, 20 Texas Crim. App., 304; Bryant v. State, 35 Texas Crim. Rep., 394; Bell v. State, 31 Texas Crim. Rep., 521; Riojas v. State, 36 Texas Crim. Rep., 182; George v. State, 25 Texas Crim. App., 229; Monk v. State, 38 Texas Crim. Rep., 602; Dennis v. State, 41 Texas Crim. Rep., 160; Adams v. State, 60 S. W. Rep., 255; Shaffer v. State, 65 S. W. Rep., 1072; Ashman v. State, 74 S. W. Rep., 317; Murphy v. State, 45 S. W. Rep., 719; Bracey v. State, 49 S. W. Rep., 598; Farris v. State, 26 Texas Crim. App., 105; Aistrop v. State, 31 Texas Crim. Rep., 467; Jones v. State, 74 Texas Crim. Rep., 350, 163 S. W. Rep., 75; Gowan v. State, 73 Texas Crim. Rep., 222; Laws v. State, 73 Texas Crim. Rep., 286.

However, we will state that we have examined each of appellant's three bills of exceptions and have read carefully the statement of facts. The evidence clearly establishes appellant's guilt if we could consider the statement of facts. Neither of his bills of exceptions would present any error authorizing a reversal if we could consider them, so that, in no event, could this court have done otherwise than affirm this case.

The motion is overruled.

*Overruled.*

DAVIDSON, JUDGE, not present at consultation.