McGEE v. STATE. (No. 3889.)

(Court of Criminal Appeals of Texas. Jan. 12, 1916. On Motion for Rehearing, Feb. 2, 1916.)

1. CRIMINAL LAW ☜1095, 1102 — APPEAL— STATEMENT OF FACTS—BILLS OF EXCEPTIONS —TIME FOR FILING—MOTION TO STRIKE.

A statement of facts and bills of exceptions not filed until more than 90 days after denial of new trial and sentencing of accused, notice of appeal being given at time of sentence, will be stricken on motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. ☜1095, 1102.]

On Motion for Rehearing.

2. CRIMINAL LAW ☜1092, 1099 — APPEAL— STATEMENT OF FACTS—BILL OF EXCEPTIONS —POWER TO APPROVE.

Where accused was tried by a judge other than the regular judge, the regular judge could not approve either the statement of facts or the bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2866– 2880, 2919; Dec. Dig. ☜1092, 1099; Judges, Cent. Dig. § 157.]

3. CRIMINAL LAW ☜1095, 1102 — APPEAL— STATEMENT OF FACTS—BILL OF EXCEPTIONS —MOTION TO STRIKE — AFFIDAVIT — DILIGENCE.

Where it appeared from the affidavit filed by appellant in opposition to a motion to strike out a statement of facts and bills of exceptions, which were not filed until more than 90 days after denial of new trial, sentencing of accused and the giving of notice of appeal, that the case was tried by a judge other than the regular judge, that accused waited until the return of the regular judge to the district and for some time thereafter before attempting to get him to act on the papers, and that not until after such judge had stated that he preferred the trial judge to pass on the papers did he attempt to see the trial judge in respect to the matter, such lack of diligence was shown as required that the motion be sustained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. ☜1095, 1102.]

Appeal from District Court, Tarrant County; W. J. Oxford, Judge.

Tom McGee was convicted of assault with intent to murder, and appeals. Affirmed, and rehearing denied.

Walter A. Nelson, of Ft. Worth, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction for an assault with intent to murder.

[1] By law the term of court at which he was convicted could continue in session for more than eight weeks, and, as a matter of fact, as the record shows, was in session full three months. The court overruled his motion for a new trial on September 2, 1915, and then sentenced him, at which time he gave notice of appeal to this court; all of which was then duly entered. The statement of facts and bills of exceptions herein were not filed until more than 90 days after that time. Hence the Assistant Attorney General's motion to strike out and not consider the bills of exceptions and statement of facts must be sustained. Demarco v. State, 178 S. W. 1024. This has been held many times. There is nothing in the absence of these which can be reviewed.

The judgment is therefore affirmed.

On Motion for Rehearing.

Appellant's attorney files his affidavit accompanying his motion for rehearing, seeking to show diligence in having filed his statement of facts and bills of exceptions within the time allowed by law and the order of the court.

[2, 3] This affidavit, in substance, shows that Judge Oxford held one week of the term of Judge Swayne's court in Ft. Worth, at which time this case was tried. It further shows that Judge Oxford left Ft. Worth and went to his home immediately after the overruling of his motion for a new trial and his notice of appeal, etc.; that within ten days thereafter he prepared his three bills of exception, and within a very short time thereafter ordered and requested the official stenographer to make out a statement of facts. The affidavit does not state when the statement of facts was made out. The statement of facts with the record contains not quite 36 pages in typewriting. Of course, we know, and every one knows, that such a statement of facts could have been made out within a very few days.

The affidavit further shows that appellant awaited the return of Judge Swayne, showing that he was sick, out of the state, and absent for several weeks thereafter. It seems from the affidavit that appellant's attorneys depended on getting his bills of exceptions and statement of facts approved by Judge Swayne; that, even after waiting these several weeks for Judge Swayne's return, he did not see him to get him to pass on these documents for some time after his return. Under the law Judge Swayne, not having tried the case, could have approved neither the statement of facts nor bills of exception, under both the statute and the decisions. Richardson v. State, 71 Tex. Cr. R. 111, 158 S. W. 517, and many other cases.

The affidavit further shows that it was not until some time after Judge Swayne's return, the time not definitely stated, that he even saw Judge Swayne and was told by him that, as he had not tried the case, he preferred that Judge Oxford act on these papers; that he attempted to find Judge Oxford or get the papers to him. The whole affidavit shows such a lack of diligence that, under no authority, can we consider the statement of facts or bills of exception. There are a great many decisions of this court holding that, under such circumstances as shown herein, this court cannot, and will not, consider either the statement of facts

or bills of exception. We cite only a comparatively few of them. Turner v. State, 22 Tex. App. 42, 2 S. W. 619; Henderson v. State, 20 Tex. App. 304; Bryant v. State, 35 Tex. Cr. R. 395, 33 S. W. 978, 36 S. W. 79; Bell v. State, 31 Tex. Cr. R. 521, 21 S. W. 259; Riojas v. State, 36 Tex. Cr. R. 182, 36 S. W. 268; George v. State, 25 Tex. App. 229, 8 S. W. 25; Monk v. State, 38 Tex. Cr. R. 602, 44 S. W. 158; Dennis v. State, 41 Tex. Cr. R. 160, 53 S. W. 111; Adams v. State, 60 S. W. 255; Shaffer v. State, 65 S. W. 1072; Ashman v. State, 74 S. W. 317; Murphy v. State, 45 S. W. 719; Bracy v. State, 49 S. W. 598; Farris v. State, 26 Tex. App. 107, 9 S. W. 487; Aistrop v. State, 31 Tex. Cr. R. 467, 20 S. W. 989; Jones v. State, 163 S. W. 75; Gowan v. State, 73 Tex. Cr. R. 227, 164 S. W. 6; Laws v. State, 73 Tex. Cr. R. 287, 164 S. W. 1015.

However, we will state that we have examined each of appellant's three bills of exceptions and have read carefully the statement of facts. The evidence clearly establishes appellant's guilt if we could consider the statement of facts. Neither of his bills of exceptions would present any error authorizing a reversal if we could consider them, so that in no event could this court have done otherwise than affirm this case.

The motion is overruled.

DAVIDSON, J., not present at consultation.