## J. N. GRAYSON v. THE STATE.

No. 5235. Decided December 4, 1918.

Aggravated Assault—Statement of Facts—Practice on Appeal—Rule Stated.

In misdemeanor cases the statement of facts must be copied in the transcript and not sent to this court in a separate paper as in felony cases; besides, the so-called statement of facts was neither filed nor approved as required by law.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of aggravated assault; penalty, a fine of fifty dollars.

The opinion states the case.

*B. B. Sturgeon,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant appealed from a conviction of an aggravated assault and battery wherein he was fined $50.

The term of court at which he was tried adjourned August 3, 1918. There is no statement of facts in the record. In misdemeanor cases where a statement of facts has been duly approved and filed within time the clerk must include a copy of it in the transcript and certify thereto the same as the other documents, orders, etc., in the case. It is only in felony cases that the original must be sent to this court instead of it being copied in the transcript. (1 Branch's Ann. P. C., sec. 594.)

There is with the file but not in the record what is styled a statement of facts which appears to be the original. However, it was not approved by the trial judge nor filed until October 12th. Hence it can not be considered by this court and the Assistant Attorney General's motion to strike it out must, therefore, prevail. (Sorell v. State, 79 Texas Crim. Rep., 453; McGee v. State, 78 Texas Crim. Rep., 636; 1 Branch's Ann. P. C., p. 306.) There is nothing which can be considered in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*